STATE *ex rel.* H. R. P. MILLER, Relator, v. J. PHILIP DOSS, as Tax Assessor of Lake County, Florida, Respondent.

2 So. (2nd) 303
En Banc
Opinion Filed April 25, 1941
Rehearing Denied June 3, 1941

*Paty, Warick & Mooney,* for Plaintiff in Error;

*Duncan, Hamlin & Duncan* and *R. P. Hamlin,* for Defendant in Error.

ADAMS, J.—The purpose of this mandamus action is to coerce the defendant as tax assessor to assess certain real estate for the year 1938 and subsequent years. The case was before this Court once before wherein this Court held the alternative writ sufficient. See State *ex rel.* Miller v. Doss, 141 Fla. 233, 192 So. 870. Answer and agreed statement of facts were thereafter filed. From final judgment adverse to relator it comes here again.

The record presents the following material facts: that the property involved is a four-story building; it is owned by the Lake County Medical Center, Inc., a corporation not for profit. The three upper top floors are used exclusively by the Medical Center for charitable purposes. The first floor contains places of business rented to private persons. The rents are paid to the Medical Center and are used exclusively to operate the hospital.

The respondent claims the entire property exempt by virtue of Chapter 18312, laws of 1937, claiming that the major portion is used exclusively for a charitable purpose. The relator claims said chapter is unconstitutional in that it conflicts with Section 16 of Article XVI, Constitution of Florida, the material part of which provides that the property of all corporations shall be subject to taxation unless "such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

This Court held in Maxcy, Inc., v. Federal Land Bank of Columbia, 111 Florida 116, 150 So. 248, 151 So. 276: "The principle has been more than once affirmed in this State that the Constitution must be construed as a limitation upon the power of the Legislature to provide for the exemption from taxation of any classes of property except those particularly mentioned classes specified in the organic law itself." To afford the exemption the Constitution con-

754

templates the actual, total and immediate use. The use by renting to persons in competition with tax payers and applying the rents to charity is too remote. 61 C. J. 461, 26 R. C. L. 325.

Exemptions from taxation are special favors frowned upon by the courts. They invariably cast a greater burden on other tax payers. Statutes granting exemptions should be strictly construed. Lummus v. The Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232; the Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211.

It is not the corporate character that determines the exemption but the use of the property upon which the exemption is claimed. The University Club v. Lanier, 119 Fla. 146, 161 So. 78.

We conclude that the property was subject to taxation under Section 16 of Article XVI, Florida Constitution. The judgment is reversed with directions to proceed further not inconsistent with this opinion.

BROWN, C. J., WHITFIELD, BUFORD, TERRELL, CHAPMAN, and THOMAS, J. J., concur.