**STATE OF FLORIDA, ex rel., THE CRAGOR COMPANY, a corporation v. J. PHILIP DOSS, as Tax Assessor of Lake County, Florida.**

8 So. (2nd) 17                                                    En Banc

May 8, 1942

P. C. Gorman, for plaintiff in error.

J. W. Hunter, and R. P. Hamlin, for defendant in error.

TERRELL, J.:

This is a mandamus proceeding similar to State, ex rel., The Cragor Company v. Doss, as Tax Assessor of Lake County, decided this date, the difference being that the property involved in this case belonged to the Woman's Club of Leesburg and Lodge No. 58, F. and A. M., both corporations. The property of the former was a story building and that of the latter was a three story building. As to the property owned by the Woman's Club, it is admitted that the second floor was rented not exceeding five times per year for parties for which a charge was made sufficient to pay lights, janitor's fees, and repairs and that two small rooms of the ground floor constituting about one-sixth of the floor space was rented to the Works Progress Administration for which a monthly compensation was paid. The balance of the ground floor was used to house the Leesburg Public Library for which no rent was paid.

As to the property owned by Leesburg Lodge No. 58, F. and A. M., it is admitted that the building was of three floors of equal area, that the first floor was fitted for business purposes, the second floor for business and professional offices, and the third floor was used for the Lodge rooms and that all the revenues from the second and third floors were used to retire indebtedness on the property. The return to the alternative writ set up these facts and contended that one-third of the property should be exempt from taxation on the ground that it was used for lodge purposes and for tax purposes was severable from the general property.

On a motion for peremptory writ of mandamus notwithstanding the return, the trial court found that, as to the property of the Woman's Club five-sixths of the building should be exempt from taxation and that one-sixth should be taxed and decreed accordingly. As to the property owned by Leesburg Lodge No. 58, F. and A. M., he found that one-third of the value of the building should be exempt and that two-thirds of it should be taxed and decreed accordingly. The motion for peremptory writ notwithstanding the return was denied and writ of error was prosecuted.

It is admitted that both properties are owned by corporations so the question to be answered is whether or not under Section 16 of Article XVI of the Constitution the trial court was authorized to segregate the portion of the buildings in question used exclusively for one or more of the exemptions in the Constitution and relieve it from taxation while decreeing that the remaining portion should be taxed.

Much of what we said in State, ex rel. The Cragor Company v. Doss, as Tax Assessor of Lake County,

decided this date is applicable to this question which is one of the first impression with us. The parties hereto base their contention on the interpretation of Section 16 of Article XVI as applied to properties held by corporations and used for religious, scientific, municipal, educational, literary, or charitable purposes.

Section 16 of Article XVI was designed to cover the property or certain corporations for profit which had been enjoying exemptions and had no reference to Woman's Clubs and Masonic lodges like those involved in this case. This section was first approved in May, 1875, as Section 24 of Article XVI of the Constitution of 1868, the origin and reason for it being found in Palms, et al., v. L. and N. Ry. Co., 19 Fla. 231. It was limited to religious, educational and charitable purposes.

It is entirely possible that the property of Masonic Lodges and Woman's Clubs may in cases be covered by Section 16 of Article XVI but if property held by them is used for no other than the exemptions stated, they could be exempt as provided in Section 1 of Article IX which Chapter 19376 Acts of 1939, was designed to limit. The property of any charitable or other corporation not for profit could in its taxable aspect be regulated by the Legislature as provided in Section 1 of Article IX of the Constitution.

In this holding, we have not overlooked Lummus, et al., v. Miami Beach Congregational Church, 142 Fla. 657, 195 So. 607; Miller, et al., v. Doss, et al., 146 Fla. 752, 2 So. (2nd) 303, and similar cases. The former case is in no way analogous to the case at bar in its factual aspect. The latter case is different from

the case at bar in that there was an attempt to exempt a medical center in its entirety while in this case, the attempt is to segregate and exempt the taxable from the non taxable portion of the property of a charity or benevolent corporation.

Approaching the point in issue, it is sufficient to say that by the best reasoned authority in this country when a property is owned by a charitable association or corporation and part of it is used for the purposes of the association and the balance used for commercial or profit purposes, if severable that part used for the purpose of the corporation that is to say for religious, scientific, municipal, educational, literary, or charitable purposes, may be exempt from taxation while that part used for profit may be taxed. Cooley on Taxation (4th Ed.) Vol. 2, paragraph 688, pages 1442, 1443, and 1444; Y.M.C.A. v. Lancaster County, 182 N. W. 34, A.L.R. 1061; Hybernian Benevolent Society v. Kelly, 28 Ore. 173, 52 Am. St. Rep. 769.

We approve this rule. It is not out of place to state however that if the taxes on the taxable portion are not paid and a sale for non payment of taxes should become necessary, the entire property may have to be sold.

We approve this rule so the judgment is affirmed.

Affirmed.

WHITFIELD, BUFORD, and CHAPMAN, JJ., concur.

BROWN, C. J., THOMAS and ADAMS, JJ., dissent.