**STATE OF FLORIDA, ex rel., THE CRAGOR COMPANY, a corporation, v. J. PHILLIP DOSS, as Tax Assessor of Lake County, Florida.**

8 So. (2nd) 15                                        En Banc
May 8, 1942

P. C. Gorman, for plaintiff in error.

R. P. Hamlin, and J. W. Hunter, for defendant in error.

TERRELL, J.:

This is a proceeding in mandamus to require the Tax Assessor of Lake County to assess State and County taxes for 1938 to 1940 inclusive on certain property located in Leesburg, belonging to the Trustees of Leesburg Lodge No. 58, I.O.O.F., a fraternal benefit organization and the Trustees for Herman Lodge No. 27, Knights of Pythias, an unincorporated fraternal association, the property in each case being a two story building.

The alternative writ alleges that the Tax Assessor did not assess the property for the period stated, that it is not used exclusively for religious, scientific, municipal, educational, literary, or charitable purposes, so as to permit exemption under the Constitution, that in each case the upper floor was used for lodge purposes and the ground floor was rented and used for commercial purposes in competition with other property in the county. A motion to quash the alternative writ was granted and writ of error was prosecuted.

It is agreed by the parties that the properties in question were owned by charitable institutions as contemplated by the Constitution and Laws of Florida, so the question presented is whether or not such property is exempt from taxation when actually used and occupied for the purposes for which it is organized and when not more than seventy-five per cent

of the floor space is rented and the rents, issues, and profits are used for the charitable and fraternal purposes of the owners.

The trial court answered this question in the affirmative on authority of Chapter 19376, Acts of 1939. Plaintiff in error contends that this judgment should be reversed because Chapter 19376 is violative of Section XVI, Article XVI and Section I of Article IX of the Constitution.

The pertinent part of Chapter 19376, Acts of 1939, is as follows:

"Third.—Such property of education, literary, benevolent, fraternal, charitable and scientific institutions within this State as shall be actually occupied and used by them for the purpose for which they have been or may be organized, provided not more than seventy-five per cent of the floor space of said building or property is rented and the rents, issues, and profits of said property are used for the educational, literary, benevolent, fraternal or charitable purposes of said institution. And it is hereby declared that this amendment is made to clarify and make definite and certain said Section, and that it was and is the intent of said Section to exempt the property described in this Section as amended from all taxation in the State of Florida."

The record discloses that neither of the owners of the properties are corporations as contemplated by Section 16 of Article XVI of the Constitution, so that provision has no application to the question. Section 1 of Article IX of the Constitution is controlling. Rast, Tax Collector of Duval County v. Hulvey, 77 Fla. 74, 80 So. 750.

Section 1 of Article IX of the Constitution vests in the Legislature power to exempt from taxation any property used for municipal, education, literary, scientific, religious, or charitable purposes. A great many properties in the State are used for one or more of these purposes and we think the very purpose of the quoted part of Chapter 19376 was to give tax assessors a pattern to guide them in assessing or exempting such properties. If the property is actually occupied and used for one or more of the purposes stated and not more than seventy-five per cent of the floor space is rented and the rents, issues, and profits used for municipal, educational, literary, scientific, religious, or charitable purposes, the property is exempt from all State, County, and Municipal taxes. The right to exemption is determined by use the property is put to and not by the character of the corporate owner. Lummus, et al., v. Florida Adirondock School Inc., 123 Fla. 810, 168 So. 232.

If, however, the property is held and rented for speculative or commercial purposes and the rents diverted to other than the uses stated in the Constitution, the exemption would not apply. If the property is owned by a corporation as contemplated by Section 16 of Article XVI and is used exclusively for religious, scientific, municipal, educational, literary, or charitable purposes, the same rule will apply.

In our view, the rule so prescribed was reasonable and well within the power of the Legislatuer to prescribe. The court below properly sustained the motion to quash, so his judgment is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.