**J. CARLISLE ROGERS, WM. DUNSTAN, and H. L. PRINGLE v. THE CITY OF LEESBURG, Lake County, Florida, a Municipal Corporation, and E. VANCE JONES, as Tax Collector of the City of Leesburg, Lake County, Florida, a Municipal Corporation.**

27 So. (2nd) 70          June Term, 1946
July 19, 1946             En Banc

*Futch & Futch* and *H. L. Pringle,* for appellants.
*P. C. Gorman* and *R. P. Hamlin,* for appellees.

TERRELL, J.:

The City of Leesburg undertook to impose municipal taxes on the lot and lodge building of Leesburg Lodge No. 58, free and accepted Masons. Appellants, as trustees of the Lodge, filed their bill of complaint seeking to enjoin the enforcement of the levy. The Chancellor granted a motion of the City to dismiss the bill of complaint, and this appeal was prosecuted from that decree.

The question for determination is whether or not the property in question is exempt from taxation for municipal purposes, under Chapter 19376, Acts of 1939.

Appellants contend that this question should be answered in the affirmative and rely on Cragor Company et al. v. Doss et al., 150 Fla. 486, 8 So. (2nd) 15, to support their contention. Appellee contends that it should be answered in the negative and rely on Miller et al. v. Doss et al., 146 Fla. 752, 2 So. (2nd) 303, to support their contention.

As first adopted, the Constitution of 1885 contained the following provisions with reference to taxation that are pertinent to the point in issue:

Article IX, Section 1. "The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes."

Article XVI, Section 16. "The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary, or charitable purposes."

· It is hardly necessary to state that both of these provisions, having been a part of the original Constitution, should be interpreted so as to accord each a field of operation. It is a well known historical fact that Section 16, Article XVI, was designed to reach the property of certain corporations for profit that were enjoying exemption from taxation under acts passed by the Legislature in 1855 and 1856. Atlantic and Gulf Railroad Company v. Allen, 15 Fla. 637; Bloxham, Comptroller, v. F. C. & P. R. R. Co., 35 Fla. 625, 17 So. 902. It was not intended to apply to general assessments, they having been covered by Section 1 of Article IX. The Legislature and the taxing officers have repeatedly recognized this distinction and have preserved it.

Section 1 of Article IX was later amended, but the amendment is not material here. It prescribed a legislative pattern for all ordinary forms of taxation, authorized the legislature to provide for a "uniform and equal rate" and to "prescribe such regulations as shall secure a just valuation of all property," except such as may be exempted by law for municipal, educational, literary, scientific, religious, or charitable purposes. In imposing taxes on the property contemplated by Section 16 of Article XVI, the Legislature and taxing officers have recognized the requirements of uniformity, equal rate, and just valuation.

Pursuant to the authority vested in it, the Legislature enacted Chapter 19376, Acts of 1939, Section 192.06, Florida Statutes 1941, providing that when not more than seventy-five per cent of the floor space of property subject to exemption is rented and the rents, issues, and profits are used for educational, literary, benevolent, fraternal, or other charitable purposes, the property is exempt from all forms of taxation. Such an act was clearly within the terms of Section 1, Article IX, and was not in violation of Section 16, Article XVI. For more than sixty years, the Legislature, the county taxing officers, and the Comptroller have so interpreted these provisions of the Constitution and have exempted the property of Masonic Lodges, Knights of Pythias, Elks, and other fraternal orders from taxation.

It is not a function of courts to be didactic, but it is their function to square their judgments with reason. The foregoing squares with both reason and history. Except for the fact that certain railroads were enjoying exemption from taxation, Section 16 of Article XVI would not have been a part of the Constitution. Section 1, Article IX, covered the subject of tax assessments "like the dew covers Dixie." Both sections exempted property for religious, municipal, scientific, educational, literary, or charitable purposes. Masonic and other fraternal associations have been heretofore included in these exemptions; in fact, there is not an instance in the history of this state when the Legislature or the people have shown an intent to tax fraternal associations. They have repeatedly shown a contrary purpose, and the mere fact that

these associations take a corporate name for the purpose of transacting their fraternal business does not deprive them of their exemption granted by the Constitution.

The judgment appealed from is accordingly reversed, on authority of Cragor Company et al. v. Doss et al., 150 Fla. 486, 8 So. (2nd) 15.

Reversed.

CHAPMAN, C. J., BUFORD and SEBRING, JJ., concur.

BROWN, THOMAS and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

The City of Leesburg undertook to impose municipal taxes on the lot and lodge building of Leesburg Lodge No. 58, free and accepted Masons, a corporation. Appellants, as trustees of the Lodge, filed their bill of complaint seeking to enjoin the enforcement of the levy. The chancellor granted a motion of the City to dismiss the bill of complaint and this appeal was prosecuted from that decree.

It is admitted that the building is three stories high and that each floor is of the same proportions, that the first and second floors are rented and used for professional and commercial purposes, that the third floor is used for Lodge purposes, that less than seventy-five per cent of the total floor space is rented and that the rents, issues and profits are used to retire the indebtedness against the property and for the fraternal purposes of the Lodge.

The exemption is claimed by virtue of Sec. 192.06, Fla. Stat., 1941, F. S. A., enacted pursuant to Section 1 of Article IX, Florida Constitution. Appellants rely on our opinion State ex rel. The Cragor Company v. Doss, 150 Fla. 486, 8 So. (2nd) 15, for reversal, and appellees rely on State ex rel. H. R. P. Miller v. Doss, 146 Fla. 752, 2 So. (2nd) 303, to uphold the decree. These cases shall be discussed later.

We have said that Section 1 of Article IX grants power to the Legislature to exempt certain classes of property. Smith v. Housing Authority of City of Daytona Beach, 148 Fla. 195, 3 So. (2nd) 880. In conjunction with that we also held that Section 16 of Article XVI mandatorily requires that the property of *all corporations* shall be subject to taxation un-

less the property be held and used *exclusively* for one or more of the enumerated eleemosynary purposes. In the latter case cited it was settled by us that the exemption of corporate property was not a matter of legislative definition, but was a question of fact. We reject the suggestion that Section 16 of Article XVI applies only to corporations for profit. In the several cases cited herein it appears that frequently we have had before us nonprofit corporations on this question. We have never drawn any distinction before and the sweeping language of the Constitution, "The property of all corporations, . . . shall be subject to taxation unless . . . " impels us not to depart from that rule at this time. A better rule is one founded on purpose. One of the purposes of these two sections of the Constitution is to insure equality in sharing the cost of government and removing, for all time, the possibility of corporations acquiring unwarranted tax favors.

We shall not review at great length the two cases cited by the litigants to sustain their contentions. The distinction is not difficult in the light of what we have said above. The appellant is in error in the assertion that State ex rel. The Cragor Company v. Doss, 150 Fla. 486, 8 So. (2nd) 15, supra, rules in this case because there the claimant was not a corporation and we said:

" . . . The record discloses that neither of the owners of the properties are corporations as contemplated by Section 16 of Article XVI of the Constitution, so that provision has no application to the question. . . . "

This case is ruled by State ex rel. v. Doss, 146 Fla. 752, 2 So. (2nd) 303, supra, because there, as here, we have a nonprofit corporation as claimant.

BROWN and THOMAS, JJ., concur.