LILES, Chief Judge.
Appellants, as trustees of a testamentary trust created by one Emmitte H. Carter, sought to have two parcels of real estate located in Hillsborough County, Florida, exempted from city and county ad valorem *172 taxes. The appellants contended that the trust was created for the purpose of producing income for a charitable non-profit hospital and that under Florida Statutes 192.06(12) (1965), F.S.A., the real property owned by the trustees in Hillsborough County should be exempt from taxation. The Tax Assessor refused to grant the requested exemption and the appellants sought a declaratory decree exempting the real estate.
The trial court dismissing appellants’ amended complaint with prejudice stated that appellants’ property was not exempt from ad valorem taxes under Section 192.06(12) because: “(1) the property is not used for production of income and for no other purpose, for a term of not less than ninety-nine years duration and (2) that the income is not applied exclusively to the non-profit charitable hospital purposes specified in the will.” The appellants have taken an appeal from this dismissal.
Florida Statutes § 192.06(12) (1965), F.S.A., provides exemption for:
“Real property held and used for the production of income, and for no other purpose, by a testamentary trust for a term of not less than ninety-nine years duration, established by will, probated and administered under the laws of Florida, for the purpose of constructing and operating a charitable, nonprofit hospital or hospitals, within the state, provided such income is applied exclusively to the nonprofit charitable hospital purposes specified in said will, and provided, however, that such exempted property shall not exceed five thousand acres in any one county.” (Emphasis added)
Our task is to compare the provisions of the testator’s trust with Section 192.06 (12) and determine whether appellants’ complaint has stated a cause of action.
Clause V (D) of the trust provides:
“(D) So long as my sister, Loca L. Brock, shall live, my said trustees shall pay to my said sister the sum of $150.00 per month; and so long as my brother, Sumter A. Carter, shall live, my said trustees shall pay to my said brother the sum of $100.00 per month; and so long as my friend, Mildred E. Dennis, shall live, my said trustees shall pay unto her the sum of $500.00 per month; all of said sums to be charged against my estate and the property held by my trustees in trust.”
Furthermore, Clause V (G) stipulates:
“(G) It is my express intent and purpose that this trust shall be subject to the provisions contained in paragraph V. (D) above, providing for a life income for my sister, my brother and my friend from the income from the trust property. * * * ”
From a reading of the trust provision it is clear that the trust income was not intended to be applied exclusively for the construction and operation of a charitable non-profit hospital but that a portion of the trust income was intended to be utilized to pay the three monthly annuities. The testator’s brother and sister both died prior to January 1, 1964, however, Mildred Dennis is still alive and the entire trust corpus is still burdened with her interest. From the record it appears that the trustees have voluntarily segregated the trust assets and that none of the income from the property in question is presently being used to pay the annuity to Mildred Dennis. However, it is entirely possible that at some time in the future it may become necessary to use income from said property to pay the annuity. It must be remembered that statutes creating exemptions from taxation should be strictly construed. State ex rel. Miller v. Doss, 1941, Fla., 2 So.2d 303; Lummus v. Florida Adirondack School, 1936, Fla., 168 So. 232. Thus, it cannot be said that the trust property is being held exclusively for non-profit *173 charitable reasons as anticipated in Section 192.06(12).
A perusal of the statute shows that the trust must be of not less than ninety-nine years duration in order for its property to enjoy exemption.
The trust instrument in Clause V (F) provides:
“(F) * * * After all sums required to be paid out under paragraph V. (D), and the organization of the aforesaid non-profit hospital corporation, my trustees may, at their election, transfer all the assets remaining in their hands to such corporation and, thereupon, the trust hereby created shall be terminated and my said trustees shall stand discharged.”
Admittedly, in another clause the instrument states, that the trustees shall hold the trust property in perpetuity. However, a reasonable interpretation of the instrument as a whole shows that the testator gave his trustees power to terminate the trust upon completion of the hospital. This could happen long before the expiration of the ninety-nine year period called for in the statute, thus the time provision of the statute has not been met.
In summary, when comparing the provisions of the trust with Florida Statutes § 192.06(12) (1965), F.S.A., it becomes evident that appellants could not allege facts in their complaint which would justify exemption. For this reason we affirm the trial court.
In view of our disposal of the issues discussed above, we deem it unnecessary to pass upon the other questions raised by appellees.
Affirmed.
ALLEN and HOBSON, JJ., concur.