MANN, Judge.
The non-profit corporation which operates Berkeley Preparatory School appeals from a summary judgment denying tax exemption on its headmaster’s residence. Appellant asserts that the residential use of the property is “incidental” to its “exclusive” use for purposes for which exemption is permitted under Section 16, Article XVI of the Constitution of 1885, F.S.A.
Some judicial archeology is required to dig out that peculiar line of cases in which a divided Supreme Court held that Section 16 of Article XVI does not apply to corporations not for profit, but they are intact, not overruled, and suggest that we ought to reverse and remand for such amendment of the pleadings as may be required properly to raise the question under Section 1 of Article IX of the Constitution of 1885 and Section 192.06, Florida Statutes (1967), F.S.A. See also Section 192.051. Then affidavits directed toward the question may prove dispositive of the case on motion for summary judgment.
State ex rel. Cragor Co. v. Doss, 1942, 150 Fla. 486, 8 So.2d 15, allowed a complete exemption to an unincorporated fraternal organization. State ex rel. Cragor Co. v. Doss, 1942, 150 Fla. 491, 8 So.2d 17, allowed pro rata exemption for the portion of property of incorporated fraternal groups used for purposes for which exemption was allowable. Rogers v. City of Leesburg, 1946, 157 Fla. 784, 27 So.2d 70, held Section 16 of Article XVI inapplicable to non-profit corporations. Miller v. Doss, Fla.1950, 46 So.2d 888, seems to have laid the matter to rest, squarely holding again that a county medical center, less than 75% of which was rented, was entitled to exemption. Rast v. Hulvey, 1919, 77 Fla. 74, 80 So. 750, was factually similar but the exemption statute then in effect was more restrictive.
Later cases refer to Article XVI as if it may bear on the problem, but a broad latitude has been given for legislative definition of its terms. Jasper v. Mease Manor, Inc., Fla.1968, 208 So.2d 821; Central Baptist Church of Miami, Florida, Incorporated v. Dade County, Fla.1968, 216 So.2d 4.
It was not necessary to predicate this court’s decision in Haines v. St. Petersburg Methodist Home, Inc., Fla.App.1965, 173 So.2d 176, on Section 16 of Article XVI. Having determined that the purpose of the corporation was not “charitable” as then defined by statute, the constitutional question need not have been discussed.
The matter is dealt with comprehensively in Notes, The “Public Purpose” and “Charitable” Tax Exemption in Florida: A Judicial Morass, 19 U.Fla.L.Rev. 330 *184 (1966) and Property Tax Exemptions under Article VII, Section 3(a) of the Florida Constitution of 1968, 21 U.Fla.L.Rev. 641 (1969).
Reversed and remanded.
McNULTY, J., concurs.
HOBSON, C. J., concurs in conclusion only.