ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision reported in 239 So.2d 149 is one which involves a question of great public interest. See Fla.Const. art. V, § 4(2), F.S.A.
The District Court of Appeal certified the question of great public interest to be
“[Wjhether a municipal corporation must own the fee simple title in order to secure tax exemption upon property used for municipal purpose.”
Petitioners are the tax collector and tax assessor of Dade County. The Respondent is a municipal corporation. The facts are these: Indian Creek Village occupies a small island. Its developers built a street, Indian Creek Drive, and a bridge, adjacent to a golf course. Fee simple title to the street and bridge were vested in the Indian Creek Country Club, but the street and bridge were leased to the municipality for twenty years. The lease contained a clause that the street and bridge property
“[I]s private property and is owned by the Club, and that the said bridge and Indian Creek Drive will not, nor any part thereof, be recognized as a public thoroughfare during the term of this lease.”
The tax assessor thereafter denied a 1968 tax exemption claimed for the street and bridge, on the basis of private ownership. The Circuit Court of Dade County held that the tax assessments were null and void. The Court stated that
“[S]aid property in its entirety was and is used and intended for public purposes and was in its entirety at all times material hereto, being devoted exclusively and continuously for street purposes and is, therefore, exempt from taxation under the laws of Florida.”
The District Court, relying on Fla.Stat. § 192.06, F.S.A., upheld the decision of the trial court, and concluded that it is use of the property, not ownership, which determines whether or not a tax exemption is proper. The District Court of Appeal rejected the tax officials’ argument that the property must be publicly owned in order to qualify for a tax exemption. The District Court of Appeal stated:
“Two rules impel us to affirm the judgment. First is the rule that, although statutes granting exemptions are to be construed strictly against the claimant and in favor of the taxing authority in cases of doubt, strict construction may not be invoked against a municipality asserting an exemption. State ex rel. Green v. City of Pensacola, Fla. 1961, 126 So.2d 566. Second is the rule that the character of the use to which property is put rather than the character of the ownership determines whether property should be exempt from taxation. State ex rel. Cragor Co. v. Doss, 150 Fla. 486, 8 So.2d 15 (1942); State v. Inter-American Center Authority, Fla. 1955, 84 So.2d 9.
“Application of these rules to the present case leads us to the following conclusion. Since the party here seeking the exemption is a municipal corporation, and since that corporation is using the subject land for municipal purposes, the term ‘public property’ as used in § 192.-06, Fla.Stat., must in situations such as this be construed to include property leased to a municipal corporation.” (Page 151)
*4 This case arose under the Constitution of 1885, and the result is in harmony with that provision of Fla.Const., art. XVI, § 16 (1885), which provided that
“The property of all corporations * * * shall be subject to taxation unless such property be held and used exclusively for * * * municipal * * * purposes.” (Emphasis supplied)
Needless to say, any use claimed to support a municipal tax exemption would have to be not only exclusive but bona fide.
The question has not been presented, and it is therefore not considered, whether a tax exemption based on exclusive municipal use without ownership would be permitted under the 1968 Florida Constitution, which became effective subsequent to the 1968 tax exemption which is the subject of this case. The pertinent statutory language has been preserved, transferred from Fla.Stat. § 192.62, F.S.A., to Fla.Stat. § 196.25, F.S.A. (1969). Under the statute, it would appear that a tax exemption must be granted when property use is exclusively for municipal purposes. However, the supporting constitutional language has been altered. Whereas the 1885 Constitution authorized a tax exemption for property held and used exclusively for municipal purposes, Fla.Const., art. VII, § 3 (1968), provides that:
“All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation.” (Emphasis supplied)
The section appears to impose a requirement that property, to be exempt, must be both owned by the municipality and used for municipal or public purposes. The section retains the test of predominant use as to education, literary, scientific, religious or charitable purposes.
For the reasons stated above, we approve the opinion of the District Court of Appeal. In answer to the question certified, we hold that a municipal corporation may obtain a 1968 tax exemption upon property used exclusively for bona fide municipal or public purposes, although title was not in the municipality.
ROBERTS, C. J., and CARLTON and McCAIN, JJ., concur.
ERVIN, J., agrees to the conclusion.