**AMERICAN FEDERATION OF POLICE, Inc. v. TAX ASSESSOR, et al.**
No. 72-21345.
Circuit Court, Dade County.
May 10, 1973.

Michael S. Hacker, Miami, for the plaintiff.

Stuart L. Simon, County Attorney, Alan S. Gold, Assistant County Attorney, for the defendants.

HENRY L. BALABAN, Circuit Judge.

*Final judgment:* This cause was tried without a jury on May 1, 1973. The cause came before the court upon plaintiff's amended complaint to invalidate and cancel for the year 1972 certain tax assessments against real and personal property located at 1100 N. E. 125th Street, North Miami, commonly known as "The American Federation of Police Building". In essence, plaintiff seeks, pursuant to Chapter 196, Florida Statutes (effective December 31, 1971), exemption from taxation for the subject property.

The plaintiff's only witness was Mr. Gerald S. Arenberg, executive director of the American Federation of Police. The defendants' witnesses were Mr. A. H. Blake, county tax assessor, and Mr. Gerald Zange. The parties also introduced into evidence the depositions of Mr. Blake, Mr. Arenberg; Mr. Zange and Mr. and Mrs. Bobbie and Barney O'Brien, plaintiff's accountants.

This court has had the benefit of memoranda of law filed by the parties; has examined the numerous documents and exhibits; and has otherwise reviewed the evidence adduced at the final hearing, including the testimony of the witnesses and the depositions introduced in this cause, and based upon the foregoing, makes and determines the following findings of fact and conclusions of law —

The plaintiff is the owner of certain real and personal property located at 1100 N. E. 125th Street, North Miami.

The tax assessor of Dade County levied an ad valorem tax assessment against the subject real property in the amount of $257,208 and a personal property tax assessment in the amount of $4,500. Plaintiff does not challenge the assessed value herein, but claims that it is entitled to exemption from taxation.

The court finds that plaintiff is not entitled to, nor has it qualified for, exemption from taxation under Chapter 196, Florida Statutes (1972).

The statute applicable to the taxing date hereto, January 1, 1972, is Chapter 196, Florida Statutes, (see Chapter 71-134, Florida Statutes, providing that the Act shall take effect on December 31, 1971). In essence, the statute sets forth two requirements for exemption. First, the applicant must affirmatively show that the subject property is used "exclusively" or "predominantly" for exempt purposes. See §196.192, Florida Statutes. Second, the statute affirmatively requires each applicant to show that it is "non-profit" as defined in §196.195. See §196.195(3)-(4).

"Exempt use of property" means predominant or exclusive use of property for educational, literary, scientific, religious, charitable, or governmental use. See §196.012(1). All reference to "fraternal" use of property as being an exempt purpose has been deleted from the current wording of the statute. See Dade County v. American Federation of Police, Fla. 1972, 268 So.2d 372.

Plaintiff has failed to use its property either "exclusively" or "predominantly" for exempt purposes, as required by the statute. The statute defines "exclusive use of property" as property that is being used 100 percent for exempt purposes. See §196.012(2). "Predominant use of property" means property used for exempt purposes in excess of 50 percent but less than exclusive. See §196.012(3). The statute provides criteria for determining whether an applicant is actually using all or a portion of its property predominantly for exempt purposes. The criteria applicable hereto include —

a. The nature and extent of the charitable, religious, scientific, or literary activity of the applicant; the comparison of such activity with all other activities of the organization, and the utilization of the property for charitable, religious, scientific or literary activities as compared with other uses. See §196.196(1)(a).

b. Only those portions of property used predominantly for charitable, religious, scientific or literary purposes are to be exempt. In no event should an incidental use of property either qualify such property for exemption or impair the exemption of an otherwise exempt property. See §196.196 (2).

c. Except as otherwise provided in the statute, property claimed as exempt for literary, scientific, or charitable purposes which is used for profit-making purposes it to be subject to ad valorem taxation. See §196.196(3).

In the instant cause, plaintiff uses only 30 percent of the available space and leases for profit the remaining 70 percent to non-exempt persons and organizations. The plaintiff also admits that it utilizes 30 percent of the subject property as its executive offices so that there is no charitable, religious, scientific or literary use actually made of the premises. Consequently, plaintiff is not entitled to tax exemption herein under the clear wording of the statute. This is so since its use of the premises as executive offices is not for exempt purposes, and, in any case, it fails to use a predominant portion of the premises, namely 51 percent, for exempt purposes. See §196.196(3).

This court has considered but finds without merit, as neither supported by the statute nor the facts adduced at the hearing, plaintiff's argument that even if a predominant portion of the premises is rented out for profit and thereby not utilized for exempt purposes, the property still qualifies for tax exemption if the rental income therefrom *is used* for exempt purposes.

Under former §196.191 (repealed by Chapter 71-133), the Florida legislature had provided exemption for educational, literary, benevolent, fraternal, charitable and scientific institutions that were actually used and occupied for exempt purposes, but also allowed that not more than 75 percent of the floor space of such property to be rented provided that the rents were used for exempt purposes. See §196.191(3). In Chapter 196, as amended, the legislature abandoned the aforesaid rental exception and instead devised the concept of "predominant" and "exclusive" use of property for which exemption is requested. By requiring predominant use of property for exempt purposes, the legislature has insured that at least 51 percent of the property would be used for those purposes even if the remaining amount was, in fact, rented out for profit. Consequently, it would be contrary to the clear wording of the statute, as amended, and the rule of strict statutory construction of exemption statutes, to read into the provisions of amended Chapter 196 a legislative exception pertaining to use of rental income which was clearly repealed thereby.

The amended statute, in fact, specifically delineates the circumstances under which rental income shall be considered as part of the exempt purposes of the applicant. For instance, in §196.196(1)(b), rental income is considered part of the exempt purposes of an applicant to the extent to which the property has been made available to *groups* who perform exempt purposes, at a charge that is equal to or less than the cost of providing the facilities for their use. Further, in §196.196(3), use of property for *functions,* including the playing of bingo, not requiring a business or occupational license conducted by the organization at its primary residence, the revenue of which is used wholly for exempt purposes shall not be considered profit-making. However, in no other instance, particularly where the property is rented out for profit-making purposes, does the legislature allow such rental income to be considered part of the exempt purposes if the applicant. To the contrary, under §196.196(3), to the extent that property claimed as exempt is used for profit-making purposes, it is subject to ad valorem taxation.

Even if it is assumed that there is merit to plaintiff's contention, the facts adduced at the hearing clearly demonstrate that —

a. The rental income of the subject property was not actually included in the financial records of the American Federation of Police, Inc., but instead appears on the books and accounts of a subsidiary corporation.

b. That the income of the American Federation of Police, Inc. was, in fact, expended for other than exempt purposes, namely for private ventures of the officers and directors of the American Federation of Police, Inc., including the Florida Boat Owners Association and the Miami Millionaires Club, and there is no way of ascertaining which income was utilized for so-called literary or charitable purposes of the organization or for private profit-making purposes of the officers and directors.

In cases decided under earlier statutes, which had provided for the 75 percent rental exception referred to above, the courts have unequivocally placed upon the applicant the burden of establishing that the rental property allegedly held for exempt purposes was, in fact, so used. See Benevolent and Protective Order of Elks v. Dade County, Fla. App. 1964, 166 So.2d 605; State, ex rel. Miller v. Doss, Fla. 1941, 2 So.2d 303; Simpson v. Bohn, Fla. 1947, 31 So.2d 406; State, ex rel. Cragor Co. v. Doss, Fla. 1942, 8 So.2d 15; and Johnson v. Sparkman, Fla. 1947, 31 So.2d 863.

The court finds that plaintiff, American Federation of Police, Inc., is not a non-profit organization, as defined by §196.195, Florida Statutes (1970).

Pursuant to §196.195, Florida Statutes, each applicant for tax exemption must *affirmatively show* that no part of the subject property or the proceeds of the sale, lease, or other disposition thereof will inure to the benefit of its members, directors, or officers or any person or firm operating for profit or for a non-exempt purpose. See §196.195(3). Further, no application for exemption may be granted for religious, literary, scientific or charitable use of property until the applicant has been found by the assessor or upon appeal by the board of tax adjustment, to be non-profit as defined in §196.195. The applicant is to supply such fiscal and other records showing in reasonable detail the financial condition, record of operation, and exempt and non-exempt uses of the property, where appropriate, from the immediately preceding fiscal year as are requested by the tax assessor or the board of tax adjustment. See §196.195(1). In determining whether an applicant for a religious, literary, scientific or charitable exemption is a non-profit or profit-making venture or whether the property is used for profit-making purposes the statute sets forth criteria to be applied. See §196.195 (2).

In the instant cause, plaintiff's financial statements, together with supporting journal posting, clearly show advances, loans, contrac-. tual arrangements and the like between American Federation of Police, Inc. and other organizations including Miami Millionaires Club and Florida Boat Owners Association, controlled by the same officers, directors and members. Mr. Arenberg even testified in response to this court's questioning that the Florida Boat Owners Association had failed financially and that the American Federation of Police, Inc. would not be able to recover any of the $13,000 which was loaned to it, without promissory note, without collateral and without interest. Further, the evidence shows that substantial properties, particularly in Homestead, Florida, were purchased by American Federation of Police, Inc. and were used for the purposes of its corporate officers without rental or charge.

Based upon the foregoing, it is thereupon ordered and adjudged as follows — (1) That the 1972 real and personal property tax assessments on the subject property be, and the same are upheld in their entirety. (2) That plaintiff's claim to invalidate and cancel the said tax assessments and to obtain tax exemption for the subject property for the year 1972, is dismissed with prejudice. (3) That the tax collector shall compute the amount of taxes due and owing to the defendants on the subject property and the interest thereon, as required by law, and that the plaintiff shall pay said taxes and interest to the defendant tax collector within thirty days of entry of this order. (4) That costs, to be determine at a later date, shall be assessed against the plaintiff. (5) That this court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this order.