**FIRST CHURCH OF THE NAZARENE, Inc., et al v. TAX ASSESSOR, et al.**

No. 72-23223.

Circuit Court, Dade County.

October 19, 1973.

Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for the plaintiffs.

Stuart L. Simon, County Attorney, and R. A. Cuevas, Jr., Assistant County Attorney, for the defendants.

JACK A. FALK, Circuit Judge.

This cause came on to be heard on plaintiffs' motion for summary judgment.

The court finds from the pleadings and affidavits on file, that there is no genuine issue of material fact and that, as a matter of law, plaintiffs' property is entitled to a partial exemption from ad valorem taxes for 1972.

Plaintiffs are seeking total exemption from ad valorem taxation for 1972. The subject real property is owned by the First Church of the Nazarene. It comprises the church's former house of worship and underlying land. As of the taxing date, the subject property was leased to the American Welding Society, Inc.

The court finds, on the basis of the affidavit submitted by the Welding Society's executive director, that the society uses its interest in the subject property predominantly for scientific and literary purposes. Such interest is therefore entitled to exemption from ad valorem taxes for the 1972 year.

The issue remains as to whether the church's remainder interest in the subject property is entitled to exemption. Clearly this interest is not used for scientific or literary purposes. The church asserts that its interest is used for religious purposes. At the hearing, the church admitted that, as of the first of the tax year, it no longer held services on the premises or made any other physical use of the property. The rents accruing under the lease were pledged as collateral for a bank loan, the proceeds of which were used to defray construction costs of a new house of worship. Were the church to use these revenues for the operation, maintenance and repair of the subject property (its former house of worship) and to retire the indebtedness thereon, this would not constitute use for an exempt purpose. See Simpson v. Bohon, 31 So.2d 406 (Fla. 1947); State, ex rel. Cragor Company v. Doss, 8 So.2d 17 (Fla. 1942). Usage of such revenues to finance construction of a new building is equivalent to maintaining and paying off the old building. The court finds that the church's predominant usage of the remainder interest in the subject property is not for religious purposes and is therefore not entitled to tax exemption. The court further finds that the fair market value of the church's remainder interest is $2,000.

It is therefore ordered and adjudged — (1) That the subject property is entitled to partial tax exemption as set forth above for the 1972 year. (2) That the taxable portion of the subject property (the church's remainder interest) is valued for the purposes of ad valorem taxation for the year 1972 at $2,000. (3) That the Dade County Tax Collector shall recompute the 1972 taxes on the taxable portion of the subject property, using as the basis for his calculation the assessment as delineated above and shall furnish the plaintiffs with a corrected tax bill. If plaintiffs pay the taxes due within thirty days of the date of such corrected bill, they shall be entitled to the standard 4% discount. (4) That the injunction previously issued herein enjoining collection of taxes on the subject property is dissolved. (5) That each party shall bear its own costs. (6) That this court shall retain jurisdiction of this cause for the purpose of enforcing the provisions of this summary final judgment.