STATEMENT OF FACT: The city of Coral Gables is leasing property from a church and is using the property as a parking lot for which fees are charged to the public for parking thereon six days of the week. The church uses the property on Sunday as parking for its parishioners. The city pays a nominal rental to the church for the lease of the property.
QUESTIONS: 1. Do you agree that the city must be the actual fee simple owner of property used entirely for municipal parking except for intervals when it is used for church parking in order to obtain a tax exemption? 2. If your opinion in question 1 is that the city must own the property in order for the property to receive the ad valorem exemption, then may the legislature appropriately determine that a constitutional amendment is required and thereby direct that a vote be taken for such constitutional change?
SUMMARY: Municipal ad valorem tax exemptions are available only for property owned and used by a municipality for municipal or public purposes pursuant to Art. VII, s. 3(a), State Const., and s. 196.199, F.S. Property owned by a church and leased to a municipality for use by the municipality as a municipal parking lot for which parking fees are charged for the use thereof is not eligible for the religious ad valorem tax exemption because the property is not being used predominantly or exclusively for religious purposes, and further is not eligible for the religious or charitable tax exemption because the property is being hired out for a nonreligious use. The legislature may appropriately determine that Art. VII, s. 3(a), State Const., may be amended pursuant to joint resolution agreed to by three-fifths of the membership of each house of the legislature and subject to approval by the people by special or general election pursuant to Art. XI, ss. 1 and 5, State Const. Your first question is answered in the affirmative in that the subject property does not qualify for the municipal ad valorem tax exemption because it is not owned by a municipality and does not qualify for the religious or charitable ad valorem tax exemption because it is not used predominantly or exclusively for religious or charitable purposes. Your second question is answered in the affirmative. Tax exemptions are in the nature of special privileges or immunities granted by the sovereign only when, and to the extent that, they may be deemed to conserve the general welfare. Lummus v. Florida Adirondack School, 168 So. 232 (Fla. 1936). Thus, provisions for tax exemptions are "strictly construed and carefully scrutinized." Genesee Corporation v. Owens, 20 So.2d 654, 656 (Fla. 1945). Exemptions from taxation, being in the nature of special privileges, are viewed with disfavor by the courts unless it clearly appears that they are upon property being held and used solely and exclusively for a purpose or purposes recognized by our constitution and laws as being exempt. To allow exemptions other than in this manner would place an unjust proportion of the tax burden upon other classes of property. . . . (Emphasis supplied.) Miami Battlecreek v. Lummus, 192 So. 211, 216 (Fla. 1939). Article VII, s. 3(a), State Const., is the source for all ad valorem tax exemptions and provides in pertinent part as follows: All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation. . . . Such portions of property as are used predominantly for . . . religious or charitable purposes may be exempted by general law from taxation. (Emphasis supplied.) As to exemptions for property of governmental units, s. 196.199, F.S., provides as follows: (1) Property owned and used by the following governmental units shall be exempt from taxation under the following conditions: * * * * * (d) All property of the several political subdivisions and municipalities of this state which is used for governmental, municipal, or public purposes shall be exempt from ad valorem taxation . . . . (Emphasis supplied.) s. 196.199, F.S. It is my opinion that the Constitution and s. 196.199, supra, mean exactly what they state, i.e., that municipal ad valorem exemptions are available only for property owned and used for the requisite purposes by the municipality claiming the exemption. In Overstreet v. Indian Creek Village, 248 So.2d 2 (Fla. 1971), the court held that the municipal ad valorem tax exemption was available to land used by a municipal corporation for municipal purposes yet privately owned. The case was decided on the 1885 Constitution and s. 192.62, F.S. (1967), as transferred to s. 196.25, F.S. (1969), which authorities had no provisions requiring municipal ownership of the property claimed for exemption. The Constitution has changed and s. 196.25 has been repealed. The court in the Overstreet case expressly refused to consider whether a tax exemption based on exclusive municipal use without ownership would be permitted under the 1968 Florida Constitution, which became effective subsequent to the claim for exemption in the case. Instead, the court, at p. 4, noted as to Art. VII, s. 3, State Const.: The section appears to impose a requirement that property, to be exempt, must be both owned by the municipality and used for municipal or public purposes. The section retains the test of predominant use as to education, literary, scientific, religious or charitable purposes. (Emphasis supplied.) In AGO 072-276 I reached the conclusion that property must be both owned and used by the municipality in order to receive the exemption. I noted that s. 196.199(1), supra, grants said tax exemption only to property owned and used by governmental units. See also AGO's 070-65 and 073-257. This conclusion is consistent with the Commentary to Art. VII, s. 3(a), of the 1968 Constitution, contained in Florida Statutes Annotated, wherein it is stated: In order to qualify for the constitutional mandatory municipal exemption, property must (1) be owned by a municipality and (2) be used exclusively by the municipality for either municipal or public purposes and (3) be within the municipality. . . . (Emphasis supplied.) It is possible for the church to claim an ad valorem tax exemption on the parking lot in that the property is allegedly being used for a religious or charitable purpose. As to a claim for exemption based on religious use, you have stated that the property is being used as a parking lot for the church for only one day of the week. The remaining six days the lot is used by the city for public parking for hire. The one-day use by the church appears to be an incidental use of the property for religious purposes, whereas the predominant use is that of providing parking to the general public for a fee. The latter obviously is not a religious use of the property. Section196.196(2), F.S., provides that "[i]n no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property." Thus, since the property is being used only incidentally for religious purposes and is not being used predominantly or exclusively for such purposes, it would therefore not be eligible for the religious exemption. Cf. AGO's 072-276 and 074-130 and s. 196.196(1) and (3), F.S. Furthermore, s.196.193(1)(b), F.S., provides: The tax assessor may deny exemption to property claimed by religious organizations . . . if the use is not clear or if the tax assessor determines that the property is being held for speculative purposes or that it is being rented or hired out for other than religious or educational purposes. (Emphasis supplied.) Thus, if the property claimed to be exempt by the church is being rented or hired out for other than religious purposes, (even if for charitable purposes) then the claim for exemption fails. Since it is being hired out to the city, if even for a nominal sum, for use as a parking lot — a nonreligious purpose — then the claim for religious or charitable exemption fails. Cf. AGO 074-130. Your second question inquires whether the legislature can appropriately determine that a constitutional amendment is required in the event that the property must be owned by the city in order to allow the exemption. Article XI, State Constitution, provides: SECTION 1. Proposal by legislature. — Amendment of a section or revision of one or more articles, or the whole, of this constitution may be proposed by joint resolution agreed to by three-fifths of the membership of each house of the legislature. The full text of the joint resolution and the vote of each member voting shall be entered on the journal of each house. * * * * * SECTION 5. Amendment or revision election. — (a) A proposed amendment to or revision of this constitution, or any part of it, shall be submitted to the electors at the next general election held more than ninety days after the joint resolution . . . proposing it is filed with the secretary of state, unless, pursuant to law enacted by the affirmative vote of three-fourths of the membership of each house of the legislature and limited to a single amendment or revision, it is submitted at an earlier special election held more than ninety days after such filing.