### SEPLER v. BLAKE, et al.
No. 75-2451.

Circuit Court, Dade County.

February 10, 1977.

Irma Hernandez, Hialeah, for the plaintiff.

Stuart L. Simon, County Attorney, Richard M. Dunn, Assistant County Attorney for the defendants.

NATALIE BASKIN, Circuit Judge.

This cause came on for hearing before the court upon the cross motions of the parties for summary judgment. A review of the pleadings reveals what has been agreed upon by the parties — there are no material facts in dispute and judgment should be entered as a matter of law. The court has reviewed the file, heard argument of counsel and is otherwise fully advised in the premises.

Plaintiff's complaint contested the denial of an agricultural classification for ad valorem tax purposes upon plaintiff's property for the 1974 tax year. The plaintiff's affidavit filed with his motion for summary judgment asserts that the subject property was used for bona fide agricultural purposes on January 1, 1974. However, the same affidavit along with plaintiff's response to defendants' request for admissions, contains an admission by the plaintiff that during 1973 he filed an application for and was granted re-zoning

by the city of Hialeah of the subject property from G-U (agricultural) to R-3-5 (multiple family district). The new zoning permits buildings of unlimited height containing 32 units per acre.

The defendants denied agricultural classification upon the subject property pursuant to Florida Statute 193.461(4)(a), which provides in pertinent part as follows —

> "193.461   *Agricultural lands; classification and assessment. —*
>
> (1)   The assessor shall, on an annual basis, classify for assessment purposes all lands within the county as either agricultural or nonagricultural.
>
> *            *            *
>
> (4)(a)   The assessor *shall* reclassify the following lands as nonagricultural:
>
> *            *            *
>
> 3.   Land that has been zoned to a nonagricultural use at the request of the owner subsequent to the enactment of this law;" [July 1, 1972] (emphasis supplied)

The foregoing statutory provision is clear and unambiguous in its prohibition of an agricultural classification where the owner has sought and obtained nonagricultural zoning. Even if there were an ambiguity in the statute, the court would be required to construe the statute against allowing the agricultural classification —

> "Exemptions from taxation are in the nature of special favors, and tax exemption statutes are generally subject to the rule of strict construction. Coppock v. Blount, Fla. App. 1962, 145 So.2d 279; State ex rel Miller v. Doss, 1941, 146 Fla. 752, 2 So.2d 303; Miami Battlecreek v. Lummus, 1939, 140 Fla. 718, 192 So. 211; Lummus v. Florida-Adirondack School, 1936, 123 Fla. 810, 168 So. 232; 15 A.L.R.2d 1065, 34 A.L.R. 635. In cases of doubt *applications for exemption are to be resolved against the applicants and in favor of the taxing power;* and exemptions are allowable only when and to the extent that they serve the general welfare. Overstreet v. Tubin, 1951, 53 So.2d 913; Lummus v. Cushman, 1949, 41 So.2d 895; Steuart v. State ex rel. Dolcimascolo, 1935, 119 Fla. 117, 161 So. 378." *Haines v. St. Petersburg Methodist Home Inc.,* (2d D.C.A. 1965) 173 So.2d 176, 179. (emphasis supplied)

The Third District Court of Appeal has held that a taxpayer seeking agricultural classification must "strictly comply with all conditions which would be necessary to entitle him to the special treatment." *Jar Corporation v. Culbertson* (3d D.C.A. 1971), 246 So.2d 144, 145.

It is therefore ordered and adjudged as follows — (1) The plaintiff's motion for summary judgment is denied. (2) The defendants' motion for summary judgment is granted. (3) Summary final judgent in this cause is entered on behalf of the defendants. (4) The temporary restraining order heretofore entered in this cause is dissolved, and the tax collector is authorized to issue a bill for all amounts due and owing with regard to the subject property as provided by statute.