J. N. LUMMUS, JR., as Tax Assessor for Dade County; HAYES WOOD, as Tax Collector of Dade County; RAY S. MILLER, as Tax Assessor of the City of Miami Beach, and C. W. TOMLINSON, as Tax Collector of the City of Miami Beach, v. THE MIAMI BEACH CONGREGATIONAL CHURCH.

195 So. 607
En Banc
Opinion Filed April 26, 1940

658

*Stapp, Ward & Ward, Melbourne L. Martin* and *J. Harvey Robillard,* for Appellants;

*C. C. Youmans,* for Appellee.

THOMAS, J.—None of the questions submitted to us is predicated upon any ruling on the pleadings and the chancellor's decision was based on an agreed statement of facts, so we will preface our discussion of the applicable

organic and statutory law with a summary of the factual situation outlined in the stipulation and dispense with any analyses of the bill, answer and interlocutory orders.

The plaintiff, to be designated hereafter as appellee, is a corporation, created for religious worship, and the owner of certain property in Miami conveyed to it in 1926 by warranty deed containing the restriction "that the property shall be used for church purposes only." For six years thereafter, assistant pastors of the organization lived on the property without payment of rent, serving the while as caretakers. The land was purchased for a large sum as a site for a house of worship, plans for which were prepared long ago, but have not materialized because of financial depression. Opportunities to rent the property have been declined because of the commercial status which might result, except that for a few months one of the organizers of the corporation occupied it as caretaker and paid rent of his own volition in a sum much less than was required for repairs. Subsequently a request from the same person to rent the property, or part of it, was refused. All buildings were razed in 1934. Other than has been detailed the property has been used only for meetings of clubs, committees and social gatherings of the church and a Boy Scout troop sponsored by it.

The question: Is the property taxable? The answer given by the chancellor: No.

Two provisions of the Constitution are appropriate to the question presented, i.e., Section 1, Article IX, and Section 16, Article XVI. The first establishing a "uniform and equal rate of taxation" and "just valuation" excepts property "exempted by law for * * * religious * * * purposes." The second declares all corporate property taxable with certain exceptions in which is included that "held and used exclusively for religious * * * purposes."

The expression of the Legislature on the matter of exemption from taxation of church real property (Sec. 897 C. G. L.) defines it as: "All houses of public worship and the lots on which they are situated and * * * every parsonage * * *." Then there is added "but any building being a house of worship which shall be rented or hired for any other purpose except for schools or places of worship shall be taxed the same as any other property." Sec. 897 C. G. L. 1927.

It is apparent that under the first quoted part of the Constitution and the definite statute, exemption of property for religious purposes would not obtain except as to the church building and the lot occupied by it; therefore, those provisions of the organic and statutory law would not apply to the facts here for the simple reason that there is no house of worship.

If relief is to be found by the appellee, it must be under the latter section of the Constitution, which appellant designates "defensive" or "preventive" and insists cannot be available to appellee without the aid of a statute under Section 1 of Article IX and that the only statute extant is 897, *supra*. For support of this position reliance is placed on the opinion in Lummus v. Florida Adirondack School, 123 Fla. 810, 168 South. Rep. 232, and particularly that part of it appearing in the third paragraph on page 825 of the Florida Report, on page 239 of 168 So.

Further in the same decision it was stated, however, that there could be no disharmony between such action and provisions of the organic law dealing with the subject.

In the cited case the facts were not analogous to those involved in the present one and there is closer similarity between the language of Section 16 of Article XVI and paragraph "Third" of Section 897 in referring to the use

of property for educational purposes. In the one corporate property was required to be taxed "unless * * * held and used exclusively for * * * educational * * * purposes," while under the other property was freed from the tax burden if "actually occupied and used * * * solely" for educational ends.

Although the spirit of the two sections of the Constitution is doubtless the same and the aim in both is to relieve the church as well as the school from the expense of taxation if the paragraph of the same statute titled "fourth" and referring to churches is compared with Section 16 of Article XVI a great dissimilarity is immediately apparent for the religious use is then restricted as we have pointed out and property appropriated for activities sponsored by the church would be without benefit of exemption if unoccupied by the church building, the parsonage or the burying grounds. This would be the inevitable result if we agreed with counsel for appellees that we should here adhere strictly to the opinion in Lummus v. Florida Adirondack School, *supra,* and hold that Section 16 of Article XVI was intended as a limitation to statutory exemption of corporate property of the church rather than an admonition that no taxes should be levied against it. Stated more simply, we are urged to hold that this constitutional inhibition avails the taxpayer nothing without supplementary legislation, hence is not self-operative.

Although we have been impressed with the plausible argument presented by counsel for appellant, we have the conviction that the command to tax all corporate property needs no legislation to accomplish the result intended and that the exception "unless * * * held and used exclusively for religious * * * purposes" may likewise be availed of by the appellee without enabling action by the Legislature or resorting to the Act to which we have so often referred.

Section 1 of Article IX treats of uniform and equal taxation and just valuation of all property that has not been exempted by law for religious and other purposes. We see no violation of its provisions in holding that under the other section exemption may be allowed although the use is not exactly as defined in the statute.

We conclude, too, that despite the fact that no building has been constructed on the land in question it is used and held exclusively for the purposes given in the Constitution albeit it is not continuously so employed. There is naught to show that it is used for any other than the appropriate activities of the incorporated church and as we related at the outset the deed conveying it contained the restriction we have quoted.

We decide that the property is exempt and that the decree be—

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.