C. H. JOHNSON, C. A. PHILLIPS, and ODIS H. ZIRK, as Trustees of Local No. 695 of the UNITED BROTHERHOOD OF CARPENTERS and JOINERS OF AMERICA, v. W. S. SPARKMAN, as Tax Assessor of Hillsborough County, Florida; ANTHONY SCHLEMAN, as Tax Collector of Hillsborough County, Florida, and CLARENCE M. GAY, as State Comptroller of the State of Florida.

31 So. (2nd) 863                                         June Term, 1947
July 11, 1947                                                   En Banc
Rehearing denied October 3, 1947

*Raymond Sheldon,* for appellants.

*John M. Allison* and *James S. Moody,* for W. S. Sparkman, as Tax Assessor of Hillsborough County, Florida and Anthony Schleman, as Tax Collector of Hillsborough County, Florida and J. Tom Watson, Attorney General, and *Sumter Leitner* for Clarence M. Gay, Comptroller of the State of Florida, appellees.

TERRELL, J.:

Appellants filed their amended bill of complaint in the Circuit Court of Hillsborough County praying for a decree adjudicating certain real property owned by them to be exempt

from taxation under Section 1, Article IX of the Constitution and paragraph 3, Section 192.06, Florida Statutes of 1941. Motions to dismiss the bill by each of the appellees was granted and this appeal was prosecuted.

The point for determination is whether or not the property described in the bill of complaint and used as the lodge hall and business office of appellants is such a property as entitled it to exemption from taxation under the designated provision of the Constitution.

Section I, Article IX of the Constitution provides for the exemption of such property from taxation as may be used for municipal, educational, literary, scientific, religious and charitable purposes. Section 192.06, Florida Statutes of 1941 provides the manner in which such property shall be exempt and requires that it be actually occupied and used for the purpose authorizing its exemption. It is not denied that the property in question is used exclusively for the meeting place and business purposes of appellant.

Appellants contend that the dominant purpose for which the property in question is held and used is educational and charitable in that it contributes to the carpenters' home at Lakeland where its indigent members may be cared for free of charge and that it conducts courses of study in the different arts and crafts that are available to all who apply to take them. The chancellor held that these allegations of the bill of complaint were not sufficient to warrant exemption from taxation on either ground claimed.

The mere fact that appellants contribute to the support of a charity like the carpenters' home at Lakeland, regardless of how generous, would not authorize the exemption of its property from taxation. Most taxpayers contribute to one or more charities of one kind or another. To claim exemption from taxation under the Constitution for this reason the claimant must use its property exclusively for a charitable purpose. Likewise if exemption is claimed on the ground that the claimant is devoting its property to educational purposes, that must be its exclusive interest and purpose. We are given no impression of how much time, space or energy is

devoted to these causes but are impressed with the fact that this is not the main reason for which the property in question is held.

It is quite true that the bill of complaint shows that appellants contribute to a very reputable charity and that they offer courses of training in various trades and crafts to encourage a higher standard of skill and efficiency among its members, it encourages apprentices to enroll in these courses and gives them the advantage of lectures on citizenship and the laws relating to economics, social problems, unemployment compensation, laws relating to labor and industry and other subjects, but the primary purpose of all of these courses is to prepare those who take them to be more skillful mechanics, joiners or carpenters.

After all is said, the main reason for this instruction is to better the social, economic and political status of appellants' members—certainly a commendable purpose—but the insurance companies, Fuller Brush Salesmen, hardware organizations and many other commercial companies call their employees in at stated intervals and require them to attend a school of instruction to imbibe selling talk and trade techniques to make them more efficient in their line. If appellants' logic is followed to its ultimate conclusion, there would be no end to the organizations that would be here seeking tax exemption on the ground that their property was devoted to an educational purpose.

So far as the record discloses the use of the property in question for charitable or educational purposes is a mere incident to its main use. To bring it within the constitutional exemption it must be actually occupied and used exclusively for one or both these purposes. The dominant use of the property here shown to be for the benefit of appellants and to further the interests of its members. It is not claimed that it was organized for charitable or educational purposes nor is it shown that the major portion of its funds or energy is directed to either of these purposes. The test by which the question presented should stand or fail is whether or not appellants hold and use their property primarily for educational or charitable purposes. If it is used primarily for the

benefit of its members, then it fails to meet the test required to exempt it from taxation.

The case most strongly relied upon to support appellants' thesis is Nashville Labor Temple v. City of Nashville, 146 Tenn. 429, 243 S. W. 78. The labor temple held to be exempt in this case was owned by a holding company for the benefit of numerous labor organizations. It was used by them to hold labor meetings, to instruct classes in the trades and crafts. It supported a school for mechanical drawing which was open to the public four nights in the week without charge and the instructors were paid by the Watkins Institute and the Federal Government. Its Auditorium was furnished to the public without charge for the Nashville Symphony Orchestra and for other educational and cultural purposes. Such was the factual set up upon which the Labor Temple was exempted under the Law of Tennessee, but the Court expressly held that the fact that it dispenses charity to its indigent members and their families would not exempt it from taxation as a charity. By withdrawing the question from the fog of legal pathology and turning on the light of factual analysis the Court could have hardly reached any other conclusion.

We think that Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211; Rast v. Hulvey, 77 Fla. 74, 80 So. 750; University Club v. Lanier, 119 Fla. 146, 161 So. 78; Board of County Commissioners v. Denver & R. G. R. Co. E. R. Ass'n., 70 Colo. 592, 203 P. 850; Congregational Sunday School et al. v. Board of Review, 290 Ill. 108, 125 N. E. 7, and other cases support the Chancellor's decree and conclude the question contrary to appellants' contention.

Property exempt from taxation under the Constitution for charitable and educational purposes has reference only to such property as is dedicated to the public and used exclusively for that purpose or to such extent as Section 192.06, Florida Statutes of 1941, defines. Mere incidental use for such purposes is not enough. It must be property known to the community as a place where one can resort for cultural, mental or manual training, a place devoted to the purpose of imparting learning and skills that make for better citizenship and community life.

·It follows that the judgment appealed from must be and is hereby affirmed.

Affirmed.

THOMAS, C. J., BUFORD, CHAPMAN and ADAMS, JJ., and CHILLINGWORTH, Associate Justice, concur.

BARNS, J., not participating.