145 So.2d 279 (1962)
Lorin E. COPPOCK, Jr., and Wife, Lucille W. Coppock, and Riviera Day School, Inc., a Florida Corporation, Appellants,
v.
T.C. BLOUNT, Tax Assessor of the City of Coral Gables; T.H. Cleary, Tax Collector of the City of Coral Gables; and the City of Coral Gables, Florida, a Municipal Corporation, Appellees.
No. 62-7.
District Court of Appeal of Florida. Third District.
October 9, 1962.
*280 Creel & Glasgow, Miami, for appellants.
Edward L. Semple, Coral Gables, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by plaintiffs from an order dismissing their complaint for declaratory decree and injunctive relief based upon an alleged wrongful assessment of real property taxes.
Plaintiffs allege in their complaint that Lorin E. Coppock, Jr., and Lucille W. Coppock, his wife, are the fee simple owners of certain real property located in Coral Gables, Florida; that in 1950 they established a private school, Riviera Day School, which they operated on this property until January 31, 1955, when they and their two children formed a corporation known as Riviera Day School, Inc., which thereafter took over the operation of the school and continued its operation on the property of the individual plaintiffs; that the income from the corporation was used to pay teaching salaries to the individual plaintiffs, administrative expenses and rent.
It is alleged that from 1950 through 1960 the real property in question was granted an exemption from property taxes under § 192.06(3), Fla. Stat., F.S.A., by reason of its use as an educational institution.
It is further alleged that on July 16, 1961, the defendant, T.C. Blount, Tax Assessor of the City of Coral Gables, advised the plaintiffs by letter that the said real property would be back assessed for the years 1958, 1959 and 1960, and would be assessed for the current year, 1961. Subsequently, the board of equalization of the City of Coral Gables, on review, approved the action of the assessor on the basis that "this property is not used for educational purposes by the owner" and, therefore is not entitled to exemption under the law.
Plaintiffs further allege that the defendants knew back in 1957 that the school was being operated through a corporation on the real property of the plaintiffs, Lorin E. Coppock, Jr., and Lucille W. Coppock, his wife, and yet continued to grant the plaintiffs the exemption afforded educational institutions; that had the defendants informed the plaintiffs of their intention not to grant the exemption because the operation of the school had been separated from the ownership of the real estate on which it was situated, plaintiffs could have obviated the problem by either dissolving the corporation or by conveying the real estate to the corporation.
Plaintiffs sought to have the court adjudicate that they were entitled to the aforesaid statutory exemption and asked the trial court to permanently enjoin the defendants from assessing said real estate for ad valorem taxes so long as it continues to be used for educational purposes, and to enjoin *281 the defendants from collecting back taxes for the years 1958, 1959 and 1960.
Defendants filed a motion to dismiss upon the ground that the complaint failed to state a claim upon which relief could be granted.
Upon hearing, the chancellor dismissed the complaint without leave to amend, stating in his order of dismissal that "in order for property of this type to be entitled to exemption, the ownership of the property and the operation of the educational institution must coincide."
The determinative question in this appeal is whether the chancellor was in error in dismissing the complaint.
Our study of the complaint and the legal questions presented convinces us that there were some grounds for equitable relief stated in the complaint, and that the chancellor erred in entering the order of dismissal. Therefore, we must reverse.
As was stated in Lopez v. Smith, Fla. App. 1959, 109 So.2d 176 (7):
"* * * In testing the sufficiency of a complaint, a motion to dismiss, when presented to a chancellor for ruling, admits for purposes of the motion all well pleaded facts and allegations of the complaint. The motion should be denied if the complaint states any grounds for equitable relief."
Two issues were raised by plaintiffs' complaint:
1. Does § 192.06(3), Fla. Stat., F.S.A. require that real property be both owned and operated by an educational institution to entitle such property to exemption from ad valorem taxes?
2. Have plaintiffs stated a claim for equitable relief against the defendants for wrongful back assessment of real property taxes for the three years in which an exemption was previously granted?
Both of these questions were before the chancellor at the hearing on the motion to dismiss.
In construing § 192.06(3), Fla. Stat., F.S.A., we must bear in mind that exemptions from taxation are special favors and statutes granting such exemptions must be strictly construed.[1] Further, said statutory exemptions are to be construed against the claimant in favor of the taxing power in case of doubt.[2]
In determining whether § 192.06(3) requires that the real property in question be both owned and operated by an educational institution we need go no further than the clear language of the statute, which provides:
"The following property shall be exempt from taxation:
* * * * * *
"(3) Such property of educational * * * institutions * * * as shall actually be occupied and used by them for the purpose for which they have been * * * organized * * *." (Emphasis added.)
Property of an educational institution must mean property owned by it. No other meaning can logically be attached to this language. The rest of the paragraph requires said property to also be occupied and used by the said institution. If the use of the property was intended to be the exclusive criterion for an exemption, the portion of the paragraph which we have underlined could readily have been omitted. However, since it is in the statute it will be given its clear meaning.
*282 In further support of our position we look to the legislative intent behind this particular statute. Under Article XVI, Section 16, Florida Constitution, F.S.A., property of all corporations is subject to taxation unless held and used exclusively for education, and other, purposes.[3] This constitutional provision was designed to cover property of certain corporations for profit which had previously been enjoying exemptions from taxation. State ex rel. Cragor Co. v. Doss, Fla. 1942, 150 Fla. 491, 8 So.2d 17. It did not contemplate that exemption would be allowed where the property was held for profit of any nature or extent, except that which may be incidental to the occupancy and use for educational purposes. Lummus v. Adirondack School, Inc., supra. Article IX, Section 1, Florida Constitution deals with the same general subject but is not restricted to property of corporations. It obligates the legislative body to provide uniform taxation and to secure just valuation of all property, "excepting such property as may be exempted" by law for educational and other purposes. Thus, the Legislature was empowered to specify certain exemptions and this was done by § 192.06, Fla. Stat., F.S.A.
We can, in this instance, find no basis for treating property owned by individuals for profit differently from that owned by corporations for profit. The purpose of the exemption statutes is to provide tax relief for those institutions which confer a benefit upon the general public and enhance the general welfare[4] and not to provide a means by which private corporations or individuals can reap a profit and yet avoid contributing to the administrative expenses of government.
To allow a separation of ownership and use, especially where the owners are securing a personal profit from the rental, would leave the door open for obvious abuses of the intended purpose of the exemption statutes.
The plaintiffs state in their complaint that "No sums have been withdrawn from the corporation by the individual plaintiffs except for salaries for teaching and administrative services performed, and an additional sum sufficient to cover mortgage and other payments on said property, which payments have been designated as rent." Regardless of its designation, the individual plaintiffs, as lessors of the real property, receive payments from the corporation which are used in part to pay off a mortgage obligation of the individual plaintiffs. Thus, the individual plaintiffs are receiving a profit from the rental of the land and it matters not whether such monies are deposited intact in a bank or used to reduce their individual obligations.
We are mindful of the confusing language used in many of the cases dealing with this subject and the somewhat inconsistent positions taken in some of the opinions of the Attorney General, interpreting § 192.06 in specific instances. However, we adopt in spirit the language of Johnson v. Sparkman, 159 Fla. 276, 31 So.2d 863, 172 A.L.R. 1067, which says:
"Property exempt from taxation under the Constitution for charitable and educational purposes has reference only to such property as is dedicated to the public and used exclusively for that purpose or to such extent as Section 192.06, Florida Statutes of 1941, F.S.A., defines."
We think the chancellor was eminently correct in holding that plaintiffs were not entitled to the exemptions provided by law because the ownership of the property and the operation of the educational institution did not coincide.
*283 Let us now examine the second question, i.e., whether the plaintiffs' complaint stated a cause of action for injunctive relief against the defendants for wrongful back assessment of taxes for the years 1958, 1959 and 1960.
The plaintiffs' complaint alleged, among other things, that the defendants knew that the school was being operated by a corporation and that the real estate was owned by the plaintiffs, husband and wife, and yet continued to grant the plaintiffs an exemption for the years 1957, 1958, 1959 and 1960; that the plaintiffs relied upon these exemptions in that they would have either dissolved the corporation or conveyed the real estate to it; that the defendants are now estopped from reversing themselves and back assessing the property.
Upon defendant's motion to dismiss for failure to state a cause of action the chancellor entered an order dismissing the complaint. The order fails to state the basis upon which the motion to dismiss was granted as to the taxes for the three years which plaintiffs alleged they were wrongfully back assessed. However, from defendants'-appellees' brief we determine that the trial judge concluded that the back assessments involved herein were specifically authorized by § 193.23, Fla. Stat., F.S.A.[5]
We agree with this conclusion; however, we are of the opinion that § 193.23 does not preclude the plaintiffs from prevailing in their attempt to enjoin the defendants from back assessing their property upon the application of the doctrine of equitable estoppel.[6]
Where a city has affirmatively acted in granting property an exemption from taxes, it is reasonable to expect the owners thereof to act in reliance upon that determination. A prospective purchaser of said property would surely take this fact into consideration. Where the taxing authority is in full possession of all pertinent facts it is better to impose the burden upon it to exercise care before granting an exemption than to create uncertainty as to the tax status of property for prior years.
For the reasons stated, the order appealed is reversed, and remanded for further proceedings consistent with the views herein expressed.
Reversed.
NOTES
[1] State ex rel. Miller v. Doss, 146 Fla. 752, 2 So.2d 303; Miami Battle Creek v. Lummus, 140 Fla. 718, 192 So. 211; Lummus v. Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232.
[2] Overstreet v. Tubin, Fla. 1951, 53 So.2d 913; Stewart v. State ex rel. Dolcimascolo, 119 Fla. 117, 161 So. 378.
[3] Jefferson Standard Life Ins. Co. v. City of Wildwood, et al., 118 Fla. 771, 160 So. 208.
[4] Miami Battle Creek v. Lummus, supra; Orange County v. Orlando Osteopathic Hospital, Fla. 1953, 66 So.2d 285.
[5] Section 193.23 Fla. Stat., F.S.A., provides in part as follows: "When it shall appear that any ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years next preceding the year in which it is ascertained that such tax has not been assessed, or levied, or collected, then the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year * * *."
[6] Compare Sharrow v. City of Dania, Fla. 1955, 83 So.2d 274; City of Miami Beach v. 8701 Collins Avenue, Inc., Fla. 1955, 77 So.2d 428; Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808.