PER CURIAM.
County taxing officials appeal from a final judgment which held invalid the county’s assessment of the street and a bridge in Indian Creek Village, a small municipality in Dade County, Florida. The difficulty arises from the fact that the fee simple title to the land under the streets and to the bridge is in a corporation known as Indian Creek Country Club.
The municipality entirely occupies a small island. There is one bridge and one street. The street surrounds a golf course. The developers of the island for their own reasons left title to the street and the bridge in the name of the corporation operating the country club. Upon the formation of the municipality the street and the bridge were leased to the municipality for 20 years under a leasing agreement that reads in part:
“3. It is further agreed between the parties hereto that the Village recognizes that the claimed property is private property and is owned by the Club, and that the said bridge and Indian Creek Drive will not, nor any part thereof, be recognized as a public thoroughfare during the term of this lease.”
The Dade County Tax Assessor did not grant an exemption for the year 1968, whereupon the village brought suit to invalidate the assessment. There are provisions in the Constitution of the State of Florida relating to the exemption from taxation of municipal property.[1] But these sections are not self-executing. See Jasper v. Mease Manor Inc., Fla.1968, 208 So.2d 821.
Chapter 192, Florida Statutes, F.S.A., contains the various sections relating to exemptions. Although appellee does not cite the specific statutory provisions relied upon for relief, the language and nature of the complaint suggests that § 192.06(2) ís at issue. The pertinent part of that section reads:
“192.06 The following property shall be exempt from taxation:
* * * * * *
all property of municipally owned and counties, cities, villages, towns and school districts in the state, used or intended for public purposes * * * including all property of municipality owned and operated public utilities held and used exclusively for municipal purposes.”
The appellants urge that § 192.06(2) means that property must be owned by a public corporation in order for it to be exempt from taxation as “public property”. The appellee upon the other hand urges that privately owned land leased to a municipality for municipal purposes is exempt because use — not ownership — determines whether property is exempt. The trial judge adopted the latter interpretation of the statute because he found:
“said property in its entirety was and is used and intended for public purposes and was in its entirety at all times material hereto, being devoted exclusively and continuously for street purposes and is, therefore, exempt from taxation under the laws of Florida.”
Appellants rely on our decision in Coppock v. Blount, Fla.App.1962, 145 So.2d 279, for reversal. We must admit that the opinion contains language that seems to support appellants’ position. But analysis will show that we made the statements apparently favorable to the appellants because:
“the individual plaintiffs, as lessors of the real property, receive payments from the corporation which are used in part to pay off a mortgage obligation of the individual plaintiffs. Thus, the individual plaintiffs are receiving a profit from the rental of the land and it matters not *151 whether such monies are deposited intact in a hank or used to reduce their individual obligations.” 145 So.2d at 282.
The profit factor is not present in the instant case. For this reason, our decision in Coppock v. Blount does not control the present controversy.
 Two rules impel us to affirm the judgment. First is the rule that, although statutes granting exemptions are to be construed strictly against the claimant and in favor of the taxing authority in cases of doubt, strict construction may not be invoked against a municipality asserting an exemption. State ex rel. Green v. City of Pensacola, Fla.1961, 126 So.2d 566. Second is the rule that the character of the use to which property is put rather than the character of the ownership determines whether property should be exempt from taxation. State ex rel. Cragor Co. v. Doss, 150 Fla. 486, 8 So.2d 15 (1942); State v. Inter-American Center Authority, Fla.1955, 84 So.2d 9.
Application of these rules to the present case leads us to the following conclusion. Since the party here seeking the exemption is a municipal corporation, and since that corporation is using the subject land for municipal purposes, the term “public property” as used in § 192.06, Fla.Stat., F.S.A., must in situations such as this be construed to include property leased to a municipal corporation.
We are mindful that this decision is a close and important question of great public interest. We are therefore certifying it as such to the Supreme Court of Florida.
Affirmed.

. See Article XVI, § 16; Article VIII, § 8 and Article IX, § 1. These referenees are to the Constitution of 1885 which was effective at assessment.