445 So.2d 587 (1984)
W.R. DANIEL, Jr., As Property Appraiser of Hillsborough County, Florida, and the Department of Revenue, State of Florida, Appellants,
v.
T.M. MURRELL CO., INC., D/B/a the Montessori House and Thomas M. Murrell and Kay Murrell, His Wife, Appellees.
No. 83-513.
District Court of Appeal of Florida, Second District.
January 18, 1984.
Rehearing Denied February 24, 1984.
Alton B. Parker and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants, Property Appraiser.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Staros Harmon, Asst. Atty. Gen., Tallahassee, for appellants, Department of Revenue.
*588 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
HOBSON, Acting Chief Judge.
Appellants, defendants below, seek reversal of a final summary judgment entered in favor of appellees, plaintiffs below. We affirm.
This case commenced on December 21, 1981, when appellees filed an action against appellants challenging the 1981 real property tax assessment upon certain property owned by appellees located in Hillsborough County. Count I of the complaint sought a determination that the subject property was exempt from real property ad valorem taxes for 1981 pursuant to the education exemption contained in chapter 196, Florida Statutes (1981). Count II of the complaint alleged that the taxing authority's actions violated due process and equal protection. Answers were filed, after which appellees filed a motion for summary judgment. Thereafter, the lower court granted final summary judgment in favor of appellees, ruling that the relevant property was exempt. The lower court, basing its ruling upon section 196.192, Florida Statutes (1981)[1] and section 196.012(1), Florida Statutes (1981),[2] held that property which is used exclusively for educational purposes need not be titled in the name of the educational institution in order to be exempt from ad valorem taxation pursuant to section 196.192, Florida Statutes.
The relevant facts of this case are as follows. In 1979, Mr. and Mrs. Murrell, appellees, purchased certain real property which was to be used as a private school. Prior to the purchase of the property, Mr. and Mrs. Murrell incorporated T.M. Murrell Co. The accredited private school, known as "The Montessori House" is operated by Mr. and Mrs. Murrell through T.M. Murrell Co. The subject property is leased by Mr. and Mrs. Murrell to the school and is used exclusively for educational purposes. T.M. Murrell Co., Inc., pursuant to the lease, pays Mr. and Mrs. Murrell, as owners and lessors of the property, the ad valorem taxes assessed against the property. The Hillsborough County property appraiser denied exempt status because the landowner (Mr. and Mrs. Murrell, individually) did not use the property for educational purposes, notwithstanding the fact that the lessee (T.M. Murrell Co.) did.
Appellants argue, inter alia, that section 196.198, Florida Statutes (1981),[3] which exempts from taxation property used for educational purposes, controls and therefore a concurrence of educational use and ownership of the property by the institution is required for the exemption to apply. Appellants urge that, moreover, when section 196.198 is read together with sections 196.192 and 196.012(4),[4] the clear meaning of the total statutory enactment is that an educational institution must also be the holder of the legal title in order for the exemption to apply. In support of this basic proposition, appellants cite Coppock v. Blount, 145 So.2d 279 (Fla. 3d DCA *589 1962). We find appellants' argument unconvincing for the following reasons.
In Coppock, plaintiffs owned real property upon which they established a private school. Thereafter, plaintiffs and their children formed a corporation to continue the operation of the school. The income from the corporation was used to pay teaching salaries to the individual plaintiffs, administrative expenses and rent. The complaint seeking exemption was dismissed by the trial court which held that in order for the exemption to apply, the ownership of the property and the operation of the educational institution must coincide. Id. at 281.
Although Coppock was factually similar to the instant case, in affirming, the district court of appeal was called upon to construe the provisions of section 192.06(3), Florida Statutes,[5] not section 196.192(1), Florida Statutes, the statutory section upon which the trial court based its holding in the instant case. Moreover, Coppock was decided prior to the enactment of section 196.192, Florida Statutes (1981). Thus, appellants' reliance on Coppock is misplaced.
As appellees point out, section 196.192(1), which emphasizes the "use" of property, is new language added by the legislature in 1971 by chapter 71-133, section 3, Laws of Florida. This legislative enactment is consistent with prior judicial rulings which emphasized the character of the use rather than the character of ownership. Overstreet v. Indian Creek Village, 248 So.2d 2 (Fla. 1971); State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Tre-O-Ripe Groves, Inc. v. Mills, 266 So.2d 120 (Fla. 1st DCA 1972).
As pointed out by the trial court, article VII, section 3, Florida Constitution (1968 Revision),[6] emphasizes use rather than ownership for purposes of exemption. Further, section 196.192 specifically exempts from ad valorem taxation all property used exclusively for exempt purposes rather than exempting property from taxation generally as provided by section 196.198, Florida Statutes.
We agree with the trial court, whose ruling comes to this court clothed in the presumption of correctness, that section 196.192(1), Florida Statutes, controls the validity of the exemption in this case. We therefore hold that the exemption from ad valorem taxes provided in section 196.192(1), Florida Statutes, applies to the subject property, which is used for exempt purposes, without regard to legal ownership.
Accordingly, we affirm the final summary judgment.
AFFIRMED.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Section 196.192, Fla. Stat., provides in pertinent part:

Exemptions from ad valorem taxation. 
(1) All property used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
[2] Section 196.012(1), Fla. Stat., provides:

(1) "Exempt use of property" means predominant or exclusive use of property for educational, literary, scientific, religious, charitable, or governmental use as defined in this chapter.
[3] Section 196.198, Fla. Stat., provides in pertinent part:

Educational property; exemptions.  Educational institutions within this state and their property used exclusively for educational purposes shall be exempt from taxation. (Emphasis added.)
[4] Section 196.012, Definitions. 

(4) "Educational institutions" means state, parochial, church, and private schools, colleges, and universities conducting regular classes and courses of study required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida, Southern Association of Colleges and Secondary Schools, or the Florida Council of Independent Schools.
[5] Section 192.06, Fla. Stat. (1961), provided in pertinent part:

The following property shall be exempt from taxation:
(3) Such property of educational institutions . .. as shall actually be occupied and used by them for the purpose for which they have been ... organized.... (Emphasis added.)
Legislative history indicates that § 192.06(3), Fla. Stat. (1961), was replaced by § 196.191, Fla. Stat. (1969). Section 196.191 was repealed in 1971. Appellants urge that § 196.191 was replaced contemporaneously with § 196.198, Fla. Stat. (1981), ch. 71-133, Laws of Florida, §§ 10, 15, and thus Coppock would be applicable to this case.
[6] Article VII, § 3, Fla. Const. (1968 Revision), states:

(a) ... Such portions of property as are used predominantly for educational, library, scientific, religious or charitable purposes may be exempted by general law from taxation.