508 So.2d 1314 (1987)
Ronald J. SCHULTZ, Property Appraiser, Pinellas County, Florida and Randy Miller, Executive Director, Department of Revenue, State of Florida, Appellants,
v.
TRUSTEES OF SKYCREST BAPTIST CHURCH, INC., a/K/a Skycrest Baptist Church, Inc., Appellee.
No. 86-2088.
District Court of Appeal of Florida, Second District.
June 19, 1987.
Van B. Cook, County Atty., and Susan H. Churuti, Asst. County Atty., Clearwater, for appellant Ronald J. Schultz.
Robert A. Butterworth, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for appellant Dept. of Revenue.
Domenic L. Massari of Kass, Hodges & Massari, Tampa and Andra Todd Dreyfus, P.A., Clearwater, for appellee.
Ted R. Manry, III of Macfarlane, Ferguson, Allison & Kelly, Tampa, for amicus curiae Alton B. Parker, Property Appraiser, Hillsborough County, Fla.
Larry E. Levy of Macfarlane, Ferguson, Allison & Kelly, Tampa, for amicus curiae Jimmy Alvarez, Property Appraiser, Bradford County, Fla., and Property Appraisers' Ass'n of Fla.
PER CURIAM.
We have carefully considered the parties' oral arguments and appellate briefs. We have reviewed the record. We hold that the trial court made no error, but correctly followed the law as set out in Daniel v. T.M. Murrell Co., Inc., 445 So.2d 587 (Fla. 2d DCA), petition for review denied, 453 So.2d 43 (Fla. 1984). We decline the invitation to recede from or distinguish Murrell.
Murrell and the following cases indicate that the actual physical use of the property is the determining factor in granting ad *1315 valorem tax exemptions. Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp., Inc., 355 So.2d 1202 (Fla. 1978); North Shore Medical Center, Inc. v. Bystrom, 461 So.2d 167 (Fla. 3d DCA 1984); Underhill v. Edwards, 400 So.2d 129 (Fla. 5th DCA), petition for review denied, 411 So.2d 381 (Fla. 1981).
Affirmed.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.