605 So.2d 880 (1992)
TRINITY EPISCOPAL SCHOOL, INC., Appellant,
v.
Joel W. ROBBINS, Appellee.
No. 91-2591.
District Court of Appeal of Florida, Third District.
July 21, 1992.
Rehearing Denied October 27, 1992.
*881 White & Case and Charles C. Kline and Hillary B. Rossman, Miami, for appellant.
Robert A. Ginsburg, County Atty., and Thomas W. Logue, Asst. County Atty., for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
BASKIN, Judge.
Trinity Episcopal School, Inc., [the School] appeals a summary judgment in favor of Joel W. Robbins, the Property Appraiser of Dade County. We reverse.
In May 1987, the School purchased an undeveloped ten-acre parcel of environmentally sensitive land which comprised the eastern half of a twenty-acre parcel. The property was located one block from the School's campus. The seller resided on the western ten-acre portion of the twenty-acre parcel. The School's deed contained a restriction barring the erection of buildings or lights on the property as long as the seller continued to reside on the western portion of the property. As of January 1, 1988, the School had used the property to conduct a geography class on topography and had used the property sporadically for classes and a club meeting during the 1988 tax year. The School intended to acquire the western portion[1] and build a permanent campus on that section of the property; it planned to maintain the eastern portion in its natural state for environmental or nature studies. The School applied for a 1988 ad valorem tax exemption for the ten-acre parcel pursuant to section 196.198, Florida Statutes (1987).[2] The appraiser denied the School's application. The Property Appraisal Adjustment Board [PAAB] reversed the appraiser's decision and granted the School an educational exemption. The Property Appraiser filed an action in the circuit court pursuant to section 194.036(1)(a), Florida Statutes (1989). The court granted the appraiser's motion for summary judgment and ruled that the *882 School was not entitled to an educational exemption for the subject property for the 1988 tax year.[3] We hold that the trial court erred in entering summary judgment.
The School claims an educational tax exemption pursuant to section 196.198, Florida Statutes (1987), which provides that "[e]ducational institutions within this state and their property used exclusively for educational purposes shall be exempt from taxation."[4] The statute defines the "`exclusive use of property'" as "property that is used 100 percent for exempt purposes," § 196.012(2), Fla. Stat. (1987); and states that the "`exempt use of property'" is defined as "predominant or exclusive use of property for educational ... use, as defined in this chapter." § 196.012(1), Fla. Stat. (1987).
Applying the statutory scheme, we conclude that the record presents no support for the trial court's ruling in favor of the appraiser's decision to deny the requested tax exemption. The School used the property exclusively for an exempt purpose: the only use the property was put to was for an educational purpose. Although the statute does not define educational purpose, in Lummus v. Florida Adirondack School, Inc., 123 Fla. 810, 825-27, 168 So. 232, 239 (1934), the supreme court held that "[t]he Legislature having the authority to define and limit those educational purposes and having failed to do so, we must assume that it was the legislative intent that the exemption should apply to the property `held and used exclusively' for any educational purpose." Here, the School used the property from a date prior to January 1, 1988 for environmental or nature studies. The appraiser agrees that such use constitutes an educational purpose. To that end, the property was kept in its natural state and continually available for use by the school. The lack of development of the property does not defeat the school's entitlement to a tax exemption. The statute does not require that the property contain buildings or other improvements. Indeed, such improvements would defeat the School's purpose of maintaining the environmentally sensitive property for educational purposes. See Lummus v. Miami Beach Congregational Church, 142 Fla. 657, 195 So. 607 (Fla. 1940); Hausman v. First Baptist Church of Pine Hills, Inc., 513 So.2d 767 (Fla. 5th DCA 1987); Grady v. Hausman, 509 So.2d 1316 (Fla. 5th DCA 1987); Order Minor Conventuals v. Lee, 64 A.D.2d 227, 409 N.Y.S.2d 667, 669 (1978). Finally, we are not persuaded that the amount of time that the school used the property bars the exemption, when, as here, the property is used exclusively for educational purposes and not put to any other use. Miami Beach Congregational Church, 142 Fla. at 657, 195 So. at 607; First Baptist Church of Pine Hills, Inc., 513 So.2d at 767; see National Music Camp v. Green Lake Township, 76 Mich. App. 608, 257 N.W.2d 188 (1977); Immanuel Baptist Church v. Glass, 497 P.2d 757, 760 (Okla. 1972); but see, Governor Clinton Council, Inc. v. Koslowski, 137 Vt. 240, 403 A.2d 689 (1979); see also Metropolitan Dade County v. Miami-Dade County Community College Found., Inc., 545 So.2d 324, 327 n. 5 (Fla. 3d DCA 1989) (use of property for a non-exempt purpose is an important factor in determining entitlement to tax exemption), review dismissed, 563 So.2d 633 (Fla. 1990). Thus, the record demonstrates that the School's property was used exclusively for educational purposes in compliance with the statutory requirements. Accordingly, we decline to "interpolate language into [section 196.198] that would lift the exemption claimed by [a]ppellant in this case, since any material change in the exemption statute, if advisable, lies more appropriately in the legislative province." Central Baptist Church of Miami, Fla., Inc. v. Dade County, 216 So.2d 4, 7 (Fla. 1968).
*883 The appraiser argues that the School's use of the property for an educational purpose was merely incidental and does not support an exemption. In support of his argument, the appraiser relies on the second sentence of section 196.196(2), Florida Statutes (1987). However, the appraiser's reliance on section 196.196(2) is misplaced. In its entirety, section 196.196(2) states: "Only those portions of the property used predominantly for charitable, religious, scientific or literary purposes shall be exempt. In no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property." The second sentence is pertinent only to a determination of the portion of property used for "charitable, religious, scientific or literary" purposes entitled to exempt status; the legislature omitted reference in that section to property used for educational purposes. "[W]here a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned." Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433, 434 (Fla. 1973). We therefore conclude that the statutory proscription set forth in section 196.196(2) is not applicable in this case.[5]
In any event, the property appraiser incorrectly characterizes the School's use of the property as "incidental." The term "incidental" means "[d]epending upon or appertaining to something else as primary; ... something incidental to the main purpose." Black's Law Dictionary 686 (5th Ed. 1979). The educational use of the property is not secondary to any other use. The property was used solely for an educational purpose  its primary goal. The school has demonstrated that the property was not put to any other use which renders the educational purpose use "incidental." See Grady, 509 So.2d at 1318 n. 1 ("[T]he only use of the property in question is for church related purposes."); cf. Johnson v. Sparkman, 159 Fla. 276, 31 So.2d 863, 864 (1947) (educational purposes must be "exclusive interest and purpose" to support tax exemption; where dominant use is for members' benefit incidental use for charitable and educational purposes does not support exemption). Thus, it was inappropriate to deny the exemption on this basis.
Accordingly, we reverse the summary judgment in favor of the appraiser and remand for entry of judgment in favor of the School.
Reversed and remanded.
NOTES
[1] The School never purchased the western portion of the property. In 1991, the School sold its ten-acre parcel to the Department of Natural Resources. The Department purchased the property pursuant to a project which acquires and preserves environmentally endangered property.
[2] The appraiser concedes that the School is an educational institution as defined by section 196.012(4), Florida Statutes (1987).
[3] Contrary to the School's contention, the presumption of correctness remains with the appraiser in the circuit court proceeding. Robbins v. Summit Apartments, Ltd., 589 So.2d 460 (Fla. 3d DCA 1991).
[4] Article VII, section 3(a) of the Florida Constitution (1968), provides that "[s]uch portions of property as are predominantly used for educational ... purposes may be exempted by general law from taxation."
[5] But see Grady v. Hausman, 509 So.2d 1316, 1317-1318 (Fla. 5th DCA 1987). Although Grady concerned a religious exemption, the court cited section 196.196(2), Florida Statutes (1985), and stated, in dicta: "[a]dditionally, an incidental use of the property for educational, literary, scientific, religious or charitable purposes will not qualify the property for an exemption."