606 So.2d 759 (1992)
Ernie MASTROIANNI, As Property Appraiser of Duval County, Florida; Lynwood Roberts, as Tax Collector of Duval County, Florida; and J. Thomas Herndon, Executive Director, State of Florida, Department of Revenue, Appellants,
v.
MEMORIAL MEDICAL CENTER OF JACKSONVILLE, INC., a Florida corporation; EMMCO Jacksonville, Ltd. I, a Florida limited partnership; and EMMCO Jacksonville II, a Florida limited partnership, Appellees.
No. 91-1936.
District Court of Appeal of Florida, First District.
October 23, 1992.
*760 John A. Delaney, Gen. Counsel and Lee S. Carlin, Asst. Counsel, City of Jacksonville, for appellants.
Joseph O. Stroud, Jr., and Kurt H. Dunkle of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellees.
ZEHMER, Judge.
Ernie Mastroianni, as Property Appraiser of Duval County, Lynwood Roberts, as Tax Collector of Duval County, Florida, and J. Thomas Herndon, as Executive Director of the State Department of Revenue, appeal a summary final judgment in favor of Memorial Medical Center of Jacksonville, Inc., EMMCO Jacksonville, Ltd. I, and EMMCO Jacksonville, Ltd. II, hereafter referred to collectively as Taxpayers. Appellants also urge error in the denial of their motion for summary judgment. The trial court ruled that the property here involved is used for hospital purposes and thus is exempt from ad valorem taxation. We hold that the property, although so used, cannot be exempted from taxation because it is now owned by a for-profit entity not exempt from federal income taxation. Accordingly, we reverse the summary final judgment for Taxpayers and remand with directions to enter summary final judgment in favor of Appellants.
The facts are undisputed. Memorial Medical Center of Jacksonville, Inc., is a Florida nonprofit corporation that operates Memorial Hospital, a major hospital in Jacksonville. Memorial possesses a valid license to operate as a hospital pursuant to chapter 395, Florida Statutes (1989), and at all material times has been exempt from federal income taxation. EMMCO Jacksonville, Ltd. I (EMMCO I), and EMMCO Jacksonville, Ltd. II (EMMCO II), two Florida limited partnerships, are for-profit entities not exempt from federal income taxation.
In 1989, Memorial conveyed title to Units 5, 6, 7, and 8[1] to EMMCO II, and EMMCO II leased these units back to Memorial. Prior to Memorial's conveyance of title to EMMCO II, these units were exempted from ad valorem property taxation pursuant to chapter 196, Florida Statutes. Both before and after this conveyance, Memorial used all of Units 5, 6, 7, and 8 as a part of the hospital operation. Also in 1989, Memorial conveyed title to Unit I to EMMCO I, and EMMCO I leased it back to Memorial. Since January 1, 1990, just over 51% of Unit 1 has been used by Memorial as part of the hospital operation.
On February 28, 1990, Memorial, EMMCO I, and EMMCO II filed applications pursuant to chapter 196, Florida Statutes (1989), with the Duval County Property Appraiser seeking full ad valorem property tax exemptions as to Units 5, 6, 7, and 8, and for a partial exemption of 51.82% of Unit 1. The property appraiser denied the applications on the ground that, although the property was being used by an exempt lessee for an exempt purpose, the owners of the property were not exempt entities. The property appraiser relied upon section 196.192, Florida Statutes (1989), for his position that the owner of the property must be an exempt entity for the property to be exempt from taxation.
Taxpayers filed suit against the property appraiser, the Duval County Tax Collector, and the State Department of Revenue, to contest the denial of the ad valorem property tax exemptions for Units 1, 5, 6, 7, and 8. Because no facts were in dispute, Taxpayers filed a motion for summary final judgment contending that they met the criteria for the granting of an exemption from ad valorem taxation as set forth in section 196.197, Florida Statutes (1989). Appellants filed a response thereto and a cross-motion *761 for summary final judgment disputing Taxpayers' entitlement to an exemption on the ground that, notwithstanding the lease of the property to a nonprofit corporation for use in the hospital operation (an exempt purpose), the property was owned by a nonexempt for-profit entity and for this reason did not qualify under the statute for an ad valorem tax exemption. The trial court ruled that section 196.197(2) is clear on its face and grants a specific ad valorem property tax exemption for property leased to a nonprofit corporation that provides direct medical services to patients in a nonprofit hospital and qualifies under section 196.196. Because it appeared to the court that the subject property met this test for exemption, the court overruled the property appraiser's contrary decision.
On this appeal, Appellants make two contentions that require discussion. They argue (1) that Memorial was not a proper applicant for the ad valorem tax exemption because it did not own the subject property, and (2) that the subject property is not exempt from ad valorem taxation because EMMCO I and EMMCO II, the owners, are not exempt entities as required by chapter 196. Resolution of these issues requires analysis of several sections of chapter 196, Florida Statutes (1989), that provide for and set the limits of "use exemptions."[2]
We first address whether Memorial was a proper applicant for the tax exemption and therefore had standing to object to the property appraiser's denial of exempt status to the property. Section 196.011 states in pertinent part:
(1) Every person or organization who has the legal title to real or personal property, except inventory, which is entitled by law to exemption from taxation as a result of its ownership and use shall, before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use.

* * * * * *
(5) The owner of property that received an exemption in the prior year, or a property owner who filed an original application that was denied in the prior year solely for not being timely filed, may reapply on a short form as provided by the department. The short form shall require the applicant to affirm that the use of the property and his status as a permanent resident have not changed since the initial application.
* * * * * *
(9)(a) A county may ... waive the requirement that an annual application or statement be made for exemption of property within the county after an initial application is made and the exemption granted... . Notwithstanding such waiver, refiling of an application or statement shall be required when any property granted an exemption is sold or otherwise disposed of, when the ownership changes in any manner, ... or when the status of the owner changes so as to change the exempt status of the property... . It is the duty of the owner of any property granted an exemption who is not required to file an annual application or statement to notify the property appraiser promptly whenever the use of the property or the status or condition of the owner changes so as to change the exempt status of the property... .

(Emphasis added.)
Subsection 196.011(1) clearly requires that the person or organization who holds legal title to the real or personal property and who claims entitlement to exemption from taxation as a result of the ownership and use of the property file an application for exemption. Subsection 196.011(5) reiterates that the "owner of property" is the person or organization who is entitled to apply (or reapply) for an exemption. Subsection 196.011(9)(a) unambiguously states that the property owner has the duty to notify the appraiser when there is any change in ownership or "when the status *762 of the owner changes so as to change the exempt status of the property." (Emphasis added.) While section 196.011 does not in express language preclude any person or organization other than the owner, i.e., a lessee, from filing an application for exemption, neither does it expressly authorize such other persons or organization to make applications for exemptions. Given its plain meaning, the language of section 196.011 is clear that the owner of the property is the only lawfully authorized applicant. The other sections in chapter 196 relating to exemption from ad valorem taxation, when construed with section 196.011, also make clear that the owner of the property is the only person or entity authorized to apply for and claim entitlement to an ad valorem property tax exemption.
Taxpayers do not cite to any statutory authority for their contention that Memorial, as lessee, is a proper applicant for the exemption. They do, however, cite to Daniel v. T.M. Murrell Co., Inc., 445 So.2d 587 (Fla. 2d DCA), rev. denied, 453 So.2d 43 (Fla. 1984), as demonstrating that section 196.011, Florida Statutes (1989), "does not impose an absolute requirement that the applicant be the title holder to the property... ." The pertinent facts of the Daniel case are as follows. Mr. and Mrs. Murrell purchased real property for use as a private school in 1979. The Murrells had previously incorporated T.M. Murrell Co., and they proceeded to lease the subject property to T.M. Murrell Co., Inc., and operate the private school through that corporation. Pursuant to the lease, T.M. Murrell Co., Inc., paid the Murrells, as owners and lessors, the ad valorem taxes assessed against the property. An application for exemption from 1981 ad valorem taxes was filed, and the property appraiser denied the requested exemption for the property because the Murrells, the owners, did not use the property for educational purposes, notwithstanding the fact that T.M. Murrell Co. did use the property for such purposes. The Murrells and T.M. Murrell Co., Inc., filed an action against the property appraiser and the Department of Revenue challenging the tax assessment on the subject property. The trial court entered a summary final judgment in their favor, ruling that the subject property was exempt. The second district affirmed, holding that the exemption from ad valorem taxes provided in section 196.192(1), Florida Statutes (1981), applied to property that was used for exempt purposes, without regard to ownership. The court based its holding on the language of section 196.192(1), Florida Statutes (1981), and prior cases construing and applying that statutory language in which the courts emphasized the character of use rather than the character of ownership.
Taxpayers' reliance on Daniel as providing legal authority for the proposition that Memorial was a proper applicant for exemption is misplaced. The opinion in Daniel does not indicate who filed the application for exemption (whether the Murrells, T.M. Murrell Co., Inc., or both); nor does it discuss whether T.M. Murrell Co., Inc., the lessee, had standing to file such an application or to participate in the case as a plaintiff. On the contrary, the sole issue addressed in the opinion was whether section 196.192(1), Florida Statutes (1981), required that the owner of the subject property use the property for exempt purposes. For this reason, and for the further reasons discussed below, we reject Daniel as authority for the proposition that Memorial, as lessee rather than owner, was a proper applicant for the tax exemption and therefore had standing to contest the denial of the application.
The second district's holding in Daniel, however, is most relevant to our discussion of whether the owner seeking exemption of its property from ad valorem taxation must itself be an "exempt entity." Prior to 1988, the language of section 196.192 involved in Daniel required only that the property be used for an exempt purpose to qualify for exemption from taxation.[3] In 1988, the legislature enacted *763 chapter 88-102, Laws of Florida, which amended section 196.192,[4] to read as follows:
196.192 Exemptions from ad valorem taxation.  Subject to the provisions of this chapter:
(1) All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
(2) All property owned by an exempt entity and used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.
For purposes of this section, each use to which the property is being put must be considered in granting an exemption from ad valorem taxation, including any economic use in addition to any physical use. This section shall not apply in determining the exemption for property owned by governmental units pursuant to s. 196.199.
(Emphasis added.) We need look no further than the plain language of the amended statute itself to determine the legislative intent to limit the exemption from ad valorem taxation to only those properties owned by an exempt entity. This intent is further evidenced by the current language in subsections 196.195(3) and (4), Florida Statutes (1989). These subsections state:
(3) Each applicant must affirmatively show that no part of the subject property, or proceeds of the sale, lease, or other disposition thereof, will inure to the benefit of its members, directors, or officers or any person or firm operating for profit or for a nonexempt purpose.

(4) No application for exemption may be granted for religious, literary, scientific, or charitable use of property until the applicant has been found by the property appraiser or, upon appeal, by the property appraisal adjustment board to be nonprofit as defined in this section.

(Emphasis added.) Subsection 196.012(1), Florida Statutes (1989), likewise evidences this statutory intent by specifically defining the terms "exempt use of property" or "use of property for exempt purposes" to mean "predominant or exclusive use of property owned by an exempt entity. ..." (Emphasis added.)
While our construction of the 1988 amendment to section 196.192 is derived from the plain language of the statute itself, we note that this construction of the statutory language is consistent with its legislative history. The bill eventually enacted as Chapter 88-102, Laws of Florida, was entitled "Committee Substitute for Senate Bill 375" (CS/SB 372). The April 1988 Senate Staff Analysis and Economic Impact Statement relating to CS/SB 375 indicates that the Senate Committee on Finance, Taxation and Claims was aware of the holdings in Daniel v. Murrell and Schultz v. Trustees Skycrest Baptist Church, Inc., 508 So.2d 1314 (Fla. 2d DCA), rev. denied, 518 So.2d 1278 (Fla. 1987), which followed Daniel. The staff report states that one of the specific purposes of the bill was to make clear that "only property owned by an exempt entity and used for exempt purposes may be exempt from [ad valorem] taxation." (Emphasis added.) In explanation, the report states: "Recent court decisions have allowed an exempt entities' [sic] exempt status to pass through to those they rent or lease property from. This bill would prevent this." (Emphasis added.) The report further states that, "Local governments will benefit from the standpoint that current property tax bases will be protected from being reduced by reliance on Murrell and Skycrest." Thus, the staff report confirms that a specific purpose for enacting chapter 88-102 was to statutorily overrule *764 the effect of the decisions in Daniel and Skycrest by expressly providing that only property owned by an exempt entity and used for an exempt purpose is authorized to be exempt from ad valorem taxation.
In this case, the trial court ruled that ownership of the property by an exempt entity is not required where such property is leased to a nonprofit hospital that provides direct medical services to patients in such hospital, relying on section 196.197(2) as express authority for this ruling. Section 196.197, Florida Statutes (1989), states:
196.197 Additional provisions for exempting property used by hospitals, nursing homes, and homes for special services.  In addition to criteria for granting exemptions for charitable use of property set forth in other sections of this chapter, hospitals, nursing homes, and homes for special services shall be exempt to the extent that they meet the following criteria:

(1) The applicant must be a Florida corporation not for profit that has been exempt as of January 1 of the year for which exemption from ad valorem property taxes is requested from federal income taxation by having qualified as an exempt organization under the provisions of s. 501(c)(3) of the Internal Revenue Code of 1954 or of the corresponding section of a subsequently enacted federal revenue act.

(2) In determining the extent of exemption to be granted to institutions licensed as hospitals, nursing homes, and homes for special services, portions of the property leased as parking lots or garages operated by private enterprise shall not be deemed to be serving an exempt purpose and shall not be exempt from taxation. Property or facilities which are leased to a nonprofit corporation which provides direct medical services to patients in a nonprofit or public hospital and qualifies under s. 196.196 of this chapter are excluded and shall be exempt from taxation.

(Emphasis added.) This section provides additional criteria that hospitals, nursing homes, and homes for special services must satisfy before such entities can be found to be exempt from ad valorem taxation.[5] In subsection (1), the statute provides that "the applicant must be a Florida corporation not for profit. ..." This section, read in light of our construction of the pertinent provisions in chapter 196 that the property owner is the only authorized applicant for an ad valorem tax exemption, further evidences legislative intent to require that the applying owner be a tax exempt person or entity. The last sentence of subsection (2), the portion of the statute on which Taxpayers and the trial court relied, does not state that the owner of the property or facilities leased to a nonprofit corporation need not be an "exempt entity," as required by sections 196.192 and 196.195. Rather, when read in conjunction with the remainder of section 196.197, it simply makes clear that when an applicant who meets the other criteria of chapter 196 leases property to a nonprofit corporation, and that corporation, in turn, provides direct medical services to patients in a nonprofit or public hospital and qualifies under section 196.196, such property shall be exempt from taxation.[6]
The supreme court stated in Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981), that "it is an accepted maxim of statutory construction that a law should be construed together and in harmony with any other statute relating to the same purpose, even though the statutes were not enacted at the same time." Our reading of the sections in chapter 196 in pari materia leads to only one conclusion  that the applicant *765 claiming an ad valorem tax exemption must be the owner of the subject property, and that the owner must be an exempt entity even though the property on which the exemption is claimed is leased to a nonprofit corporation that provides direct medical services to patients in a nonprofit or public hospital.
To summarize, we hold that Memorial Hospital, as the lessee, was not a proper applicant for the exemption because it did not have legal title to the subject property as provided by section 196.011. While EMMCO I and EMMCO II held legal title to the subject property during the time period covered by the application for exemption, they were not entitled to an exemption from ad valorem taxation on the subject property because they were not "exempt entities." The summary final judgment for Appellees is reversed and this cause is remanded with directions to grant Appellants' motion for summary final judgment.
REVERSED AND REMANDED.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] Each unit number designates an entire floor of a building in the hospital complex.
[2] The term "use exemptions" refers to those exemptions allowed by article VII, section 3(a) of the Florida Constitution and codified in chapter 196, Florida Statutes.
[3] From December 31, 1971, through June 16, 1988, section 196.192, Florida Statutes, entitled "Exemptions from ad valorem taxation" read as follows:

(1) All property used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
(2) All property used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.
[4] This section was further amended in 1989 to add a subparagraph (3) relating to tangible personal property. Ch. 89-122, § 2, Laws of Fla.
[5] Note the pertinent language in the introductory paragraph,... "In addition to criteria for granting exemptions ... hospitals ... shall be exempt to the extent they meet the following criteria... ." (Emphasis added.)
[6] Appellants provide a good example of such a situation: where a nonprofit corporation owns a hospital and leases a portion of such hospital to a nonprofit emergency room care corporation that provides direct medical services to patients on the property, section 196.197(2) would expressly exempt such property from taxation.