847 So.2d 577 (2003)
James (Jim) TODORA, Sarasota County Property Appraiser, Appellant,
v.
VENICE GOLF ASSOCIATION, INC., Appellee.
No. 2D02-2465.
District Court of Appeal of Florida, Second District.
June 18, 2003.
*578 Michele Santi, Joe D. Dingess, and John C. Dent, Jr., of Dent & Cook, Sarasota, for Appellant.
E.G. Boone, Jeffrey A. Boone, and John S. Koda of Boone, Boone, Boone, Hines & Koda, P.A., Venice, for Appellee.
STRINGER, Judge.
James Todora, the Sarasota County Property Appraiser (the Appraiser), challenges a final judgment striking the 1999 and 2000 ad valorem tax assessments for Venice Golf Association, Inc. (VGA). Because VGA was not the proper party to challenge the assessments, we reverse.
VGA operates a twenty-seven hole golf course located in Sarasota County. The property upon which the course is situated is leased by VGA from the City of Venice (the City). The record indicates that the property was assessed in the name of the City for tax years 1999 and 2000. However, pursuant to the terms of its lease with the City, VGA assumes all tax liabilities related to the property.
Following the 1999 and 2000 tax assessments, VGA filed suit against the Appraiser alleging that in assessing the property the Appraiser failed to properly consider the factors for determining just valuation enumerated in section 193.011, Florida Statutes (1999) and (2000).[1] The Appraiser moved to dismiss the action alleging that as owner of the property the City, and not VGA, was the proper party to assert the tax challenge.[2] The Appraiser's motion to dismiss was denied, and VGA was permitted to proceed. VGA prevailed after a two-day trial.
Section 194.181, Florida Statutes (1999) and (2000), designates parties who have standing as plaintiffs in a tax suit. Those parties are "the taxpayer contesting the assessment of any tax, the payment of which he or she is responsible for under the law," or the property appraiser. § 194.181(1)(a), (b) (emphasis supplied). Therefore, "taxpayers" within the meaning of this provision are those who incur the *579 obligation of payment by operation of law, not by private contract as VGA has in the present case. Our reasoning in this regard is supported by the definition of "taxpayer" provided in section 192.001(13), Florida Statutes (1999) and (2000): "`Taxpayer' means the person or other legal entity in whose name property is assessed." For each of the assessment years in dispute, the golf course was assessed in the name of the City. The plain language of sections 194.181(1) and 192.001(13) indicates that the City was the proper party to challenge the tax assessments in this case. See also Greens of Inverrary Condo. Ass'n Phase I, Inc. v. Johnson, 445 So.2d 1096 (Fla. 4th DCA 1984) (holding that condominium unit owners, rather than condominium association, were proper parties to challenge tax assessments; this holding applied to an early version of section 194.181 which has since been amended to give condominium, homeowners, and cooperative associations standing to file tax suits); cf. Mastroianni v. Mem'l Med. Ctr. of Jacksonville, Inc., 606 So.2d 759 (Fla. 1st DCA 1992) (holding that property owner, rather than lessee, was the proper party to apply for tax exemption). The final judgment is therefore reversed.
We recognize that this holding will effectively leave VGA without a vehicle for challenging the tax assessment it will ultimately have to pay. Accordingly, we certify the following question as one of great public importance:
DOES THE NONGOVERNMENTAL LESSEE OF GOVERNMENT-OWNED PROPERTY HAVE STANDING TO CHALLENGE THE ASSESSMENT OF AD VALOREM TAXES ON THE PROPERTY WHEN THE PROPERTY IS NOT ASSESSED IN THE NAME OF THE LESSEE BUT THE LESSEE IS CONTRACTUALLY OBLIGATED TO PAY THE TAXES?
Reversed.
CASANUEVA and CANADY, JJ., concur.
NOTES
[1] VGA filed a separate action for each tax year, but its suits challenging the 1999 and 2000 tax assessments were later consolidated.
[2] The Appraiser's motion to dismiss the suit also alleged that VGA had failed to file its complaint within the sixty-day period prescribed by section 194.171(2), Florida Statutes (1999). Because we conclude that VGA was not the proper party to file suit in this case, we need not consider the timeliness of the complaint.