641 So.2d 893 (1994)
Joel W. ROBBINS, as Property Appraiser of Dade County, FL, Appellant,
v.
FLORIDA CONFERENCE ASSOC. OF SEVENTH DAY ADVENTISTS, Appellee.
No. 93-2593.
District Court of Appeal of Florida, Third District.
May 24, 1994.
Rehearing Denied September 14, 1994.
*894 Robert A. Ginsburg, Dade County Atty. and Thomas W. Logue, Asst. County Atty., for appellant.
Frank McMillan, Winter Park, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
The plaintiff below, the Property Appraiser, appeals from a summary judgment entered in favor of the Florida Conference Association of Seventh Day Adventists [hereinafter "the Church"], finding that a vacant lot owned by the Church is exempt from 1990 ad valorem taxation. We affirm.
The subject property consists of 2.5 acres of vacant land. The Church bought the property from Calvary Community Church on September 22, 1989. The property was tax exempt while owned by Calvary Community Church. Pastor Chet Jordan testified that on several occasions, during the period from September, 1989 through January, 1990, small groups of the church leaders had prayer services on the property. Additionally, he personally visited the lot on several occasions for site development and fundraising purposes.
The Property Appraiser denied the Church's request for an exemption. The Church appealed to the Value Adjustment Board and the exemption was granted. Thereafter, the Property Appraiser filed suit in circuit court. Both parties moved for summary judgment. The trial court granted the Church's motion for summary judgment and the Property Appraiser appealed.
The Property Appraiser contends that the inaccessible, weed-covered lot does not qualify for an exemption because the Church did not actually use the property for religious purposes. The Property Appraiser deemed the visits to the lot as incidental uses. We disagree.
In Hausman v. First Baptist Church of Pine Hills, Inc., 513 So.2d 767 (Fla. 5th DCA 1987), the church owned vacant and unimproved land, which the church occasionally used for religious purposes. The First Baptist Church of Pine Hills was planning to develop the property. Based on these facts, the court found that "[t]he church's present religious use of the property, while not evidenced by improvements and not continuous, was exclusive of any other use and was not incidental to any nonexempt use." First Baptist Church, 513 So.2d at 768.
Similarly, in the instant case, the Church owned vacant and unimproved land, which it occasionally used for religious purposes. The Church has shown that the property was actually used for prayer services, an exempt purpose, as of the assessment date of January 1, 1990. The Church's future development plans for the property do not defeat the present exempt use.
In Trinity Episcopal School, Inc. v. Robbins, 605 So.2d 880, 882 (Fla. 3d DCA 1992), rev. denied, 617 So.2d 320 (Fla. 1993), this court found that the lack of development of the property did not defeat the school's entitlement to a tax exemption. This court noted that it was "not persuaded that the amount of time that the school used the property bars the exemption, when, as here, the property is used exclusively for educational purposes and not put to any other use." Id. at 882. Moreover, this court found that the property was used solely for an educational purpose. "[T]he property was not put to any other use which renders the *895 educational purpose use `incidental.'" Id. at 883.
In the instant case, the record demonstrates that the Church's property was used exclusively for religious purposes. There is no evidence that the property was used for any nonexempt purpose. Thus, the Church's use of the property cannot be characterized as incidental.
Accordingly, we affirm the summary judgment in favor of the Church.