KLEIN, J.
Appellant church appeals a finding that recently purchased raw land was not being used predominantly for religious purposes and therefore the church was not entitled to a tax exemption. We affirm.
The church, which usually has 800 to 1,000 people attending Sunday services at its present rented location, purchased forty-seven acres on PGA Boulevard in Palm Beach Gardens for $4 million on which it plans to build a church. The property is not adjacent to the present location of the church.
The zoning does not allow all 47 acres to be used for a church, and the church accordingly agreed to sell eleven acres to a developer to be used for non-church uses. As of January 1, 2000, the date on which the taxable status of the property was determined, § 192.042, Fla. Stat. (2000), the eleven acres was under contract to be sold for $3.5 million; however, the sale later fell through. The church subsequently entered into a contract to sell a portion to a different developer for $7.5 million; however, that sale did not come to fruition either.
There were no church services conducted on the property before January 1, 2000; however, on two occasions in 1999, after the October closing, a few members of the church and staff walked around the property, discussed plans as to where things would be located, and uttered some prayers (such as thanking God for the land).
The exemption in section 196.196(2), Florida Statutes provides that only “portions of property used predominantly for charitable, religious, scientific, or literary purposes shall be exempt.” In this case the trial court found as a matter of fact that the property was not being so used as of January 1, 2000.
In Robbins v. Florida Conference Ass’n of Seventh Day Adventists, 641 So.2d 893 (Fla. 3d DCA 1994), the trial court held that a two and a half acre vacant lot owned by a church was exempt where church services had been occasionally conducted on the property. Robbins is distinguishable from the present case, however, in that in Robbins the Value Adjustment Board had granted the exemption which was confirmed by summary judgment in the trial court. In the present case the board refused to grant the exemption, and the trial court found as a matter of fact that the property was not being used predominantly for religious purposes.
The church argues that merely because part of the property was going to be developed in the future for other purposes would not preclude a present exemption. We do not disagree with that assertion; however, it does not necessarily follow that the church was entitled to an exemption as a matter of law. The trial court was not bound to find the property exempt merely because small groups walked on it twice between the time the church closed on the property, and the assessment date. We therefore affirm.
STEVENSON, J., and BAILEY, JENNIFER D., Associate Judge, concur.